. OLIVER H. DAY, Respondent, *v.* THE NEW YORK CENTRAL
					RAILROAD COMPANY, Appellant.

51  583
133  435

Where one conveys to another lands under a parol agreement, not to be
  performed within one year, and so void under the statute of frauds, if
  after a partial performance the grantee repudiates the agreement, the
  grantor can recover the value of the lands, deducting therefrom the
  value of the partial performance.

Plaintiff conveyed to defendant a certain piece of land, with right of
  ingress and egress to and from plaintiff's land.   In consideration thereof,
  defendant agreed by parol to deliver to plaintiff, for temporary keeping,
  all the stock transported on its road eastward from the Niagara river.
  Defendant performed its agreement for a little more than a year, and
  then repudiated it.   In an action to recover the value of the land con-
  veyed, *held*, that plaintiff was entitled to recover the value, deducting
  therefrom the profits realized by him from the business during the time
  of the performance of the agreement on the part of defendant.   Also,
  as the profits received were part of the consideration, plaintiff was not
  bound to tender them to defendant before bringing suit.

(Argued January 15, 1873; decided March term, 1873.)

APPEAL from judgment of the General Term of the Supreme
Court in the eighth judicial district, affirming a judgment in
favor of the plaintiff, entered upon a verdict.

The complaint contained two causes of action; and for the
first cause alleged in substance that in May, 1855, the plaintiff
agreed to convey to the defendant about an acre and two-
thirds of an acre of land, together with the right of ingress
and egress, to and from the land so to be conveyed, to the
plaintiff's land, and to build and keep in repair cattle yards
and pens for live stock, sufficient to accommodate the shipping
or transporting such stock to and from the cars to the plain-
tiff's land, adjoining the land so to be conveyed, free from
any expense to the defendant; and that the defendant should
temporarily deliver to the plaintiff, from that time forward,
for temporarily keeping and feeding all the cattle, swine and
live stock which should be transported on its road eastward
from the Niagara river, the profits of such keeping and feed-
ing to be realized by the plaintiff; that the defendant, for

that purpose, requested the plaintiff to build, make and construct the necessary yards, pens, and so forth, for the temporary feeding and keeping such live stock; that a conveyance of the land was made by the plaintiff to the defendant, and the necessary yards, pens and other conveniences for doing business, contemplated by the agreement, were constructed by the plaintiff; that the defendant disregarded the agreement entered into on its part, and refused to allow the live stock transported on its road to be delivered temporarily to the plaintiff for feeding and keeping, and refused to allow the plaintiff the enjoyment of the profits he would have realized by keeping and feeding such stock.

The second cause of action was an *indebitatus* assumpsit for land sold and conveyed, for a right of way for use and occupation of land and premises, for work and labor, care and diligence, and for materials *furnished*, and for construction of cattle yards, etc., for the defendant.

The answer was a general denial.

The first cause of action only was contained in the original complaint, and the action was tried on that issue in November, 1858, and a verdict rendered for the plaintiff for $4,384. On appeal to the General Term, a new trial was ordered, on the ground that the agreement on the part of the appellant, being verbal only, was void by the statute of frauds, for the reason that it was not to be performed within one year, and also that it created a negative easement on the lands of the plaintiff. (31 Barb., 548.)

The plaintiff then amended his complaint, adding thereto the second count, and a second trial was afterward had, and a verdict recovered by the plaintiff in 1867 for $2,500. On a second appeal to the General Term, a new trial was ordered on the ground that the damages should have been confined to the value of the land conveyed by the plaintiff. (53 Barb., 250.)

On the third and last trial, damages were recovered only for the actual value of the land conveyed by plaintiff to the defendant, with the interest.

On the last trial, the plaintiff gave evidence tending to prove the parol agreement alleged in the first count of the complaint, and that the plaintiff and his wife, on the 9th day of July, 1855, executed and delivered to the defendant a deed of the land, which also contained a grant on their part to the defendant of the right of ingress and egress to and from the land thereby conveyed over and across the land of the plaintiff, to the public highway northwardly, in such place or places as might be convenient or necessary to load or unload cattle, horses, sheep, swine or any other animal from said highway on to or off of the cars on to the railroad track of the defendant built on the land thereby conveyed; and the deed also contained a covenant on the part of the plaintiff to build and keep in repair all the cattle yards and pens for stock, swine, sheep, etc., that might be wanted to accommodate shipping or tranferring to or from the cars on his land adjoining the land thereby sold and conveyed, free from any expense to the defendant.

The plaintiff also proved that he made the erections contemplated by this deed in the summer of 1855, and that the defendant laid down a track on the land conveyed, and that the live stock going eastward was brought in the cars and unloaded into his yards; that the business proceeded thus till the spring of 1856, when the defendant built yards and pens on its own land, and that thereafter some of the stock was unloaded at the plaintiff's and some at the defendant's yards.

The plaintiff testified that the only consideration he got for his deed was one dollar and the parol agreement set forth in the first count of the complaint on the part of defendant, and that he realized in the years 1855 and 1856 profits from the stock brought by the defendant to his yards upward of $6,000. The action was commenced November 30th, 1857.

The defendant moved that the plaintiff be nonsuited upon the following grounds: That the agreement set forth in the first cause of action being by parol, was void; that the agreement was for a monopoly of the business, and the court

should not enforce it; that the plaintiff could not recover on the second cause of action for the improvements made on his own premises; that the plaintiff cannot recover for the value of the agreement to give the plaintiff the business of yarding and feeding hogs and cattle, for this would be another mode of recovering damages for the breach of the alleged agreement. Also upon other grounds which are included substantially in the requests to charge, hereinafter stated. The court denied the motion, and the defendant excepted.

The defendant's counsel requested the court to charge the jury that the plaintiff could not recover the value of the land conveyed, (1) because the defendant never agreed to purchase it or to pay any consideration for its conveyance; (2) because he must first rescind the agreement and restore what he has had under it, to wit, the enjoyment of the stock business for two years, and the consequent profits thereof; (3) because there must be a total failure of consideration for the conveyance to enable the plaintiff to recover; (4) because he cannot rescind the contract in part and affirm it in part; (5) because to recover under the common counts the plaintiff must first restore what he has acquired of the defendant. The court refused so to instruct the jury, and the defendant's counsel excepted.

The defendant's counsel also requested the court to instruct the jury that if both parties had performed the agreement in part the plaintiff could not maintain the second cause of action in case the jury found he had received any benefit from defendant's partial performance; also, that the plaintiff could not recover unless the jury found that he had not received any consideration for the conveyance of the land; that proof of a partial failure of consideration would not support such a cause of action; also, that the consideration of one dollar, expressed in the deed, and the express covenant to do the things specified "free of any expense to the railroad company," deprived the plaintiff of the right to maintain the cause of action secondly set forth; also, that if they found that the plaintiff was entitled to recover, he could recover only

such sum as, together with the benefit he had received by the partial performance on the part of the defendant, would remunerate him for the value of the land he conveyed; that the amount of the profits made by the plaintiff out of the business during the time the defendant performed the agreement on its part must be deducted from the value of the land conveyed; also, that if the profits, realized by the plaintiff from the business furnished by the defendant at his yards, exceeded or equaled his expenditures for improvements and the value of the land conveyed, he could not recover; also that, in determining the amount of the damages, the jury had the right to take into consideration the benefits the plaintiff had derived from the partial performance by the defendant of the contract.

The court refused each request, and defendant excepted.

The court charged the jury, in substance, that the plaintiff could not recover upon the first cause of action, for the reason that the agreement therein set forth was void under the statute of frauds, but that he could recover on the cause of action secondly set forth, if the jury found the facts in respect to the contract to be as the plaintiff claims, provided they also found that the plaintiff had complied with and performed the contract on his part and the defendant had broken and refused to perform the same, and if they so found, then the damages to which the plaintiff would be entitled would consist of the value of the land granted to the defendant by the plaintiff, including the right of way granted by the deed, as actually appropriated and used by defendant, and interest on such value.

That the plaintiff could not recover any damages in this action, unless it was proven to their satisfaction that the agreement, on the part of the defendant, was made as the consideration of the deed from the plaintiff to the defendant. The defendant excepted to the charge that the plaintiff could recover for the value of the land, or for the value of the right of way. The jury rendered a verdict for $828.58.

*John Ganson* for the appellant. To enable plaintiff to recover the value of the land, he should have restored what he had acquired of defendant. (*Bassett* v. *Percival*, 5 Allen, 345; *Miner* v. *Bradley*, 22 Pick., 459.) He cannot rescind the contract in part and affirm it in part. (*Baldwin* v. *Palmer*, 10 N. Y., 232.) The agreement is illegal, as against public policy. (*Peck* v. *Burr*, 6 Seld., 294.) Defendant having performed the agreement in part, plaintiff could not maintain the second cause of action. (*Bassett* v. *Percival*, 5 Allen, 345; Chitty on Cont. [10th Am. ed.], 691; *Blackburn* v. *Smith*, 2 Exch., 783; *Hunt* v. *Silk*, 5 East, 449; *Beed* v. *Blandford*, 2 Y. & D., 278; *Miner* v. *Bradley*, 22 Pick, 457; *Cook* v. *Doggett*, 2 Allen, 439.) The jury had a right to consider the benefits accruing to plaintiff from a partial performance by defendant of the contract. (53 Barb., 250, 255.) The principle that where there is a total failure of consideration for the conveyance of land, the grantee can recover its value, is not applicable to this case. (Brown on Stat. of Frauds, § 117; *Ballard* v. *Bond*, 32 Verm., 355; *Hibbard* v. *Whitney*, 13 id., 21; *Townsend* v. *Townsend*, 6 Met., 319; *Griswold* v. *Messenger*, 6 Pick., 517.) This is, in effect, an action for damages, and cannot therefore be maintained. (*Day* v. *N. Y. C. R. R. Co.*, 31 Barb., 548; *Townsend* v. *Townsend*, 6 Met., 319, 321.) To rescind, both parties must be placed in the identical position they occupied before the contract was made. (*Minturn* v. *Main*, 3 Seld., 220, 227; *Hunt* v. *Silk*, 5 East., 449.) An implied promise cannot exist where there was not only an express promise, but a partial performance of it. (*Choter* v. *Beckett*, 7 Term, 197.)

*A. R. Potter* for the respondent. The sale of the lands and easement was a valid contract, and an action will lie against defendant for their actual value. (*Day* v. *N. Y. C. R. R. Co.*, 53 Barb., 250; *Erben* v. *Lorillard*, 19 N. Y., 299; *Peck* v. *Burr*, 10 id., 298; *Chapman* v. *McKey*, 47 id., 670; *Eno* v. *Woodworth*, 4 Comst., 249; *Gillett* v. *Maynard*, 5 J. R., 85; *Rice* v. *Peet*, 15 id., 520; *Gary* v. *Hall*, 11 id.,

440; *Fletcher* v. *Butler*, 6 Barb., 646 ; *King* v. *Brown*, 2 Hill, 485 ; *Cook* v. *Doggett*, 2 Allen, 439.) It was proper for the court to refuse to charge the jury that they had a right to consider the benefits plaintiff had derived from a partial performance of the contract by defendant. (*Fletcher* v. *Button*, 6 Barb., 646; *Gillett* v. *Maynard*, 5 J. R., 85 ; *Cook v. Daggett*, 2 Allen, 439 ; 47 N. Y., 670.) To fall within the statute, the agreement must contain words making it impossible of performance within a year. (*McLees* v. *Hale*, 10 Wend., 426 ; 1 R. S., 78, § 11; *Fenton* v. *Emblers*, 3 Burr., 1281; *Moore* v. *Fox*, 10 J. R., 224; *Sands* v. *Crooker*, 46 N. Y., 564; *Plimpton* v. *Curtiss*, 15 Wend., 336; *Lyon* v. *King*, 11 Metc., 411; *Peters* v. *Westborough*, 19 Pick., 412; 30 N. Y., 294.)

Earl, C. The point was not taken by the defendant at any stage of the trial, that the plaintiff had not given sufficient proof, tending to establish the parol agreement claimed by him, to wit: That in consideration of the conveyance of the land to the defendant, it was to give to the plaintiff at his yards and pens the business of temporarily keeping and feeding all the stock which should be transported upon its road eastward from Niagara river. Hence we must assume, for the purposes of the appeal, that the parol agreement, as testified to by the plaintiff, was established. We must also assume that this agreement was void under the statute of frauds, for such is the claim on the part of the defendant, and it was upon this theory alone that the recovery was based, and upon it alone the plaintiff seeks to uphold the judgment. As the consideration for the plaintiff's land, the defendant agreed to pay him one dollar and to give him the stock business at his yards. It paid him the one dollar and gave him all the business for the year 1855 and part of it for the year 1856, and out of this business the plaintiff made profits to the amount of about $6,000. And yet he brings this action to recover the entire value of the land conveyed by him on the ground of a total failure of the consideration of his conveyance. A mere state-

ment of the case shows that the action must be without foundation.

If one pays money, or renders service, or delivers property upon an agreement condemned by the statute of frauds, he may recover the money paid in an action for money had and received, and he may recover the value of his services and of his property upon an implied assumpsit to pay, provided he can show that he has been ready and willing to perform the agreement, and the other party has repudiated or refused to perform it. (*Gillet* v. *Maynard*, 5 John., 85 ; *King* v. *Brown*, 2 Hill, 439 ; *Cook* v. *Doggett*, 2 Allen, 439 ; *Erben* v. *Lorillard*, 19 N. Y., 299 ; *Richards* v. *Allen*, 17 Maine, 296.)

While the law in such case will not sustain an action based upon the agreement, it still recognizes its existence and treats it as morally binding, and for that reason will not give relief against a party not in default, nor in favor of a party who is in default in his performance of the agreement.

A party who has received anything under such an agreement, and then has refused to perform it, ought in justice to pay for what he has received, and hence the law for the purpose of doing justice to the other party will imply an assumpsit.

An assumpsit is never implied except where the justice and equity of the case demand it. A party entering into an agreement, invalid under the statute of frauds, is charged with knowledge that he cannot enforce his agreement, and if he, not being in default, has received part of the consideration of his agreement, upon what principle of justice or equity will the law imply an assumpsit on the part of the party in default still to pay the entire consideration ? Yet such an assumpsit has been enforced in this case.

Suppose one agree by parol to work for another for ten years for the consideration of $500, to be paid at the end of that time, and also a piece of land to be conveyed to him, and at the end of the time, the $500 be paid and the conveyance of the land refused, can he, upon an implied assumpsit, recover the entire value of his services? If he has received no part of

the consideration agreed to be paid to him, the law will imply a promise to pay him what his services are worth, and will enforce such promise. But what shall be done when he has received part of the consideration? He should not be left without any remedy for the balance honestly due him, but upon the same principles of justice and equity the law should imply a promise to pay the balance.

Here the plaintiff was to receive for his land one dollar and the stock business at his yards. The one dollar may be regarded as merely nominal, and the other must be held to be the substantial consideration. The plaintiff expected to get the value of his land in the profits which he should make out of the business which the defendant should give him. This business the defendant gave to the plaintiff for one year, at least, just as it agreed to, and out of it the plaintiff appears to have made profits much greater than the value of the land conveyed. These profits were the very consideration contemplated by the parties for the conveyance of the land, and to the extent that the plaintiff has had the business and profits, he has had the very consideration he contracted for. Suppose the defendant had agreed to pay plaintiff $100 and also to give him the stock business, could the plaintiff in this action after receiving the $100 recover the whole value of the land, entirely ignoring the money payment? Suppose, instead of giving the defendant land, the plaintiff had paid it money for the same consideration, could he, under the circumstances of this case, recover back all the money paid in an action for money had and received? Clearly not. The very basis upon which the action rests forbids it. As said by Lord MANSFIELD, in *Moses* v. *Macferlan* (2 Burrows, 1005), " if the defendant be under an obligation from the ties of natural justice to refund, the law implies a debt and gives this action founded in the equity of the plaintiff's case." And he says the action " is equally beneficial to the defendant. It is the most favorable way in which he can be sued ; he can be liable no further than the money he has received ; and against that

may go into every equitable defence upon the general issue; he may claim every equitable allowance; he may prove a release without pleading it; in short, he may defend himself by everything which shows that the plaintiff, *ex equo et bono*, is not entitled to the whole of his demand or to any part of it." And in *Longchamp* v. *Kinny* (1 Douglas, 137) the same learned judge says: " Great benefit arises from a liberal extension of the action for money had and received, because the charge and defense in this kind of action are both governed by the true equity and conscience of the case." It would be against both equity and good conscience to allow the plaintiff in the case supposed to recover all the consideration which he had paid when he had already received a part of the benefit and consideration which he had contracted for. Within the principles laid down in the cases cited he would be permitted to recover the balance only of the money paid by him after deducting the value of so much of the consideration as he had received, and if it could be shown in such case by the defendant that plaintiff had actually received from the defendant upon the agreement more than he had paid there would be no basis of law or equity for the action to stand on. The same principles of justice and equity should be applied to this case. The plaintiff's equities can be no greater that he paid in land rather than in money. The agreement cannot be enforced. Neither party can in this action be allowed any benefit from it or any damage for its breach. The defendant having repudiated the agreement, the plaintiff can recover for his land as if there had been no agreement as to the amount of the consideration, but he must allow so much of the consideration as has been paid; and if he has received more in the profits of the business which the defendant brought to him under the agreement than the value of his land, he can recover nothing. If the profits are less than the value of the land, then he can recover the balance.

It was not necessary for the plaintiff to tender the profits to the defendant before the commencement of the action. They were part of the consideration received by him for his

conveyance, and he has the same right to hold them as if so much money had been paid to him by the defendant. His claim is against the defendant for the balance, if any, of the value of the land. These views are fully supported by well recognized principles of law. I find no authority in conflict with them, and the case of *Richards* v. *Allen* (17 Maine, 296) is the only authority which has come to my notice directly in point. In that case there was a verbal contract between the plaintiff and defendant for the purchase and sale of a farm, and the plaintiff had delivered to the defendant upon the contract a quantity of brick and a yoke of oxen. After the plaintiff had been in possession of the farm for about twenty years the defendant conveyed it to another person and refused to convey to the plaintiff. He then sued the defendant in assumpsit for the value of the brick and oxen, and it was held that he could recover, but that he must allow for the use of the land. The court says: " But the plaintiff's claim must be limited to what is just and equitable under all the circumstances. He had made some payments, but he had enjoyed the farm for eighteen or twenty years. The jury should have been permitted to take this into consideration even without an account in offset, as it was necessarily connected with the plaintiff's claim, and was of a character to affect and qualify it."

My conclusion, therefore, is that the judgment should be reversed and new trial granted, costs to abide event.

All concur except JOHNSON, C., not sitting.

Judgment reversed.