PETER A. ROSEPAUGH, RESPONDENT, *v.* BENJAMIN A. VREDENBURGH, APPELLANT.

*Verbal agreement, void under the statute of frauds — damages recoverable on breach of.*

The plaintiff and one Simmons worked a stone quarry, belonging to defendant, under a verbal agreement with him, that, as long as there was any stone in a certain direction, they should be allowed to quarry them, on paying a certain royalty or rent to defendant.   In pursuance of this agreement, plaintiff and S. had dug a ditch to drain the quarry and uncovered a portion of the stone, when defendant repudiated the agreement and notified them to quit the quarry.   Simmons subsequently assigned his claim to plaintiff.

*Held,* that plaintiff was entitled to recover the value of the services rendered by himself and Simmons, in digging the ditch and uncovering the stone.

APPEAL from a judgment of the Ulster County Court, in favor of the plaintiff, entered upon the verdict of a jury, and from an

order denying a motion for a new trial, made on the judge's minutes.

The plaintiff and one Levi T. Simmons worked a blue-stone quarry of the defendant, paying him a certain share of the value of the stone sold therefrom, as royalty or rent. The lower or north end of the quarry filled with water, and it became necessary to drain said quarry by means of a ditch, at considerable expense. Before incurring said expense, and the expenses incident to opening and uncovering said quarry, the plaintiff and said Simmons applied to the defendant for a lease, or for boundaries, so that, upon incurring said labor and expenses, they could not be turned out of said quarry without having the benefit of their labor and expenses. The defendant then verbally agreed that westward, as far as there was any stone, between the ends of the blocks on the north and the Lockwood quarry on the south, they should have said quarry. Relying upon the assurances of the defendant, that they should have the quarry as far westward as there was any stone, between the points on the north and south designated, the plaintiff and the said Simmons drained, and stripped and uncovered said quarry, at an expense of some $500. After this had been done, the defendant repudiated his contract as void, for the reason that it was not in writing, and sued the plaintiff in trespass for working said quarry. The jury decided the case in favor of the defendant in that suit, who is the plaintiff in this. Thereupon the defendant in this action, on the same day, served upon the plaintiff herein a notice in writing, requiring him to remove from and quit said quarry within one month, after the service of said notice, and the plaintiff, two days before its termination, accordingly left the quarry. Simmons having assigned his claim to the plaintiff, the plaintiff thereupon brought this action to recover the value of the labor expended in draining and stripping and uncovering said quarry.

*J. Newton Fiero*, for the appellant. Plaintiff's remedy was by an action for specific performance, or in some form in which the equity side of the court could give him adequate relief. (*Wheeler* v. *Reynolds*, 66 N. Y. R., 227 [236]; *Bennett* v. *Abrams*, 41 Barb., 619 [626]; see *Freeman* v. *Freeman*, 42 N. Y. R., 34.)

This being a matter of purely equitable cognizance, the County Court had no jurisdiction, and the action cannot be maintained. (Constitution, art. 6, § 15 ; Code of Procedure, § 30.) The plaintiff was never in fact evicted from the quarry, and therefore no cause of action ever accrued to him upon any theory as to his rights or equities. (*Ogilvie* v. *Hill*, 5 Hill, 54; *Edgerton* v. *Page*, 12 How., 60; 14 id., 117; *Townsend* v. *Gilsey*, 1 Sweeney, 129; *Edgerton* v. *Page*, 20 N. Y. R., 284; *Lounsbery* v. *Snyder*, 31 id., 516.) The right to work the quarry was a personal privilege, and not assignable. The assignment from Simmons to plaintiff of his interest was invalid for that reason. (*Pierrepont* v. *Bernard*, 2 Seld., 279, at page 286 in opinion, citing 3 Kent's Com., 452.)

*Van Etten & Clearwater*, for the respondent. The contract that the plaintiff was to have the quarry mentioned, as far as there was any stone between the ends of the blocks on the north and the Lockwood quarry on the south, was, so far as it remained unexecuted, void by the statute of frauds. (2 R. S., 134, §§ 6 and 8; *Houghtaling* v. *Houghtaling*, 5 Barb., 379; 1 Cowen's Treatise, [5th ed.,] § 141.) If one pays money, or renders service, or delivers property upon an agreement condemned by the statute of frauds, he may recover the money paid in an action for money had and received, and he may recover the value of his services, and of his property, upon an implied assumpsit, provided he can show that he has been ready and willing to perform the agreement and the other party has repudiated or refused to perform it. (*Day* v. *N. Y. C. R. R. Co.*, 51 N. Y., 590; *Wood* v. *Shultis*, 4 Hun., 309; *Lisk* v. *Sherman*, 25 Barb., 433; *Harris* v. *Frank*, 49 N. Y., 24; *Burlingame* v. *Burlingame*, 7 Cow., 92; *King* v. *Brown*, 2 Hill, 485; *Lockwood* v. *Barnes*, 3 id., 128; *Baldwin* v. *Palmer*, 10 N. Y., 232; *Pulbrook* v. *Laws*, 16 English R., 340, and note; *Erben* v. *Lorillard*, 19 N. Y., 299; *S. C.*, on second appeal, 2 Keyes, 567, 571; 1 Cowen's Treatise [2d ed.,] p. 152; [3d ed.,] p. 172; *Galvin* v. *Prentice*, 45 N. Y., 162.) And the measure of damages is the value of the services or work performed. (*King* v. *Brown*, 2 Hill, 485; *Erben* v. *Lorillard*, 19 N. Y., 302, 304 ; *S. C.*, on second appeal, 2 Keyes, 567, 571.) And not the value of the void lease, or of the stone, or land, of which the party has been

deprived, for that would amount to treating the void contract as valid. (*Erben* v. *Lorillard*, 19 N. Y., 302, 304; *Day* v. *N. Y. C. R. R. Co.*, 51 id., 590; 1 Wait's Law and Practice, 639; *Ham* v. *Goodrich*, 37 N. H., 185.)

BOARDMAN, J.:

It is conceded that the contract under which plaintiff worked in defendant's quarry was void by the statute of frauds. So far, however, as such contract had been executed by and between the parties, the terms of the contract would determine their respective rights, and the court will not disturb them in relation thereto. The defendant having taken advantage of the invalidity of the contract to discharge the plaintiff, and forbid his performance of further labor under it, becomes liable to plaintiff on a *quantum meruit* for services rendered and not paid for. To the extent that the contract was performed and plaintiff's services paid for, he may retain such pay or profits. (*Harris* v. *Frink*, 49 N. Y., 24.) But services rendered and not paid for constitute a basis for damages. One who renders services under a contract void by the statute of frauds may recover the value of such services, if he has been ready to perform the contract, and the other party has refused. (*King* v. *Brown*, 2 Hill, 485; *Galvin* v. *Prentice*, 45 N. Y., 162; *Day* v. *N. Y. C. R. R. Co.*, 51 id. 583.) In this case the plaintiff cannot recover damages so far as his services were compensated by the stone taken out under the contract. But for services not thus compensated, he is entitled to recover their value. The measure of damages is the value of the services, and not the value of the stone in the quarry, or of the void contract. (*King* v. *Brown*, ante ; *Erben* v. *Lorillard*, 19 N. Y., 299, 302, 304; *Day* v. *N. Y. C. R. R. Co.*, 51 N. Y., 590.)

The action was tried upon the law as here stated, and we think the rule of damages adopted by the court justified the rulings upon the admission of evidence on that subject. The defendant could not deduct the plaintiff's profits already realized from the the value of services thereafter rendered. In regard to the ditch dug to drain the quarry, it is not clear that the jury allowed plaintiff anything for digging it. · But we think he was plainly entitled to make that proof, and to recover some portion of that expense;

such proportion as the stone to be taken out bore to that already removed. There is no reason why the whole expense of the ditch should be charged to plaintiff, and the defendant have all its benefits for future works. The plaintiff was allowed to recover for so much of the top removed as was over the stone, which he was not allowed to get out, and which the defendant can now get out without the expense of uncovering. It is evident, therefore, that, upon any just rule of damages, the plaintiff recovered no more than a fair compensation for the services rendered and benefits bestowed upon defendant.

It is not seen upon what principle the plaintiff is or should be restrained from recovering Simmons' damages. If Simmons had a cause of action, either jointly with plaintiff or severally, he could transfer it to plaintiff, who could then maintain an action thereon in his own name. In the case of *Eddy* v. *Cole*, wherein the judgment-roll was handed up to us, it appears that Clark, the assignor of Eddy, had failed and neglected to pay his rent, and therefore he was ejected from the quarry. That being true, it was a sufficient reason why he had no cause of action, and Eddy acquired none by his assignment. But that case does not show the grounds upon which the decision was made upon appeal, and is of little value as authority.

We think the assignment transferred a cause of action, upon which plaintiff could recover, if Simmons had one. The defendant insists this action should have been brought in equity. But assuming that an action in equity, to enforce a specific performance, could have been maintained, we are yet clear that plaintiff had an election of actions, either for such specific performance or for the damages caused by defendant's repudiation of his contract. (2 Story's Eq. Jur., §§ 716, 717.) We think the result in this case is just, and that no errors have been committed which should avoid the recovery.

· The judgment and·order are therefore affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.