WILLIAM H. BONESTEEL, RESPONDENT, *v.* GEORGE VAN ETTEN AS EXECUTOR, ETC., OF JACOB P. BONE- STEEL, DECEASED, APPELLANT.

*Contract that a person will pay by his will for services rendered to him — what is a breach thereof — when the right of action is barred by the statute of limitations.*

From 1855 to 1859 the plaintiff resided with his father as one of his family, and rendered services to him in pursuance of an alleged verbal agreement by which his father was to pay him for the said services by a devise or bequest in his will in plaintiff's favor. In 1859 the father discharged the plaintiff from his service, ordering him to leave the house, and saying to him: "You have got all you ever need to expect here" The father died in 1878, and the plaintiff then presented his claim for the services so rendered.

*Held,* that the act of the father in driving the plaintiff from his house in 1859, and refusing to allow him to render further services, was a breach of the contract, and gave to the plaintiff an immediate right to sue to recover the value of the services rendered, and that the action was, therefore, barred by the statute of limitation.

*Quackenbush* v. *Ehle* (5 Barb., 469), criticized and distinguished.

APPEAL from an order made at Special Term denying a motion, made by the defendant, to set aside the report of a referee on a reference of a claim against the estate of the defendant's testator, ordered in pursuance of the provision of the Revised Statutes, and from the judgment entered thereon.

*J. E. Van Etten,* for the appellant.

*Bernard & Fiero,* for the respondent.

BOARDMAN, J. :

Prior to 1859 a contract by parol is alleged to have been made between plaintiff and his father, the defendant's testator, by virtue of which plaintiff was to be well paid for his services for his father by devise or bequest in his last will. In pursuance of such contract plaintiff rendered services to the value of over $400. After the rendering of the services, and in 1859, the defendant's testator discharged the plaintiff from his service by the most unequivocal language, ordered him to leave the house (where plaintiff had

before that lived as one of the family), and added to plaintiff, "You have got all you ever need to expect here." The plaintiff thereupon left the premises and ceased to work for his father thereafter. The father died in October, 1878. Plaintiff afterwards presented his claim for services from 1855 to 1859 to the defendant as executor; the claim was rejected and referred under the statute to a referee, who reported in favor of the plaintiff for $423.34. A motion was made to set aside such report and for a new trial, which was denied " without prejudice to review at General Term." The report was then confirmed, and judgment in favor of plaintiff entered thereon.

Two grounds for reversal are urged by the defendant for a new trial.

First. That the report of the referee is not sustained by the evidence, and Second. That the cause of action alleged is barred by the statute of limitations, nearly twenty years having expired since the breach of the alleged contract.

No doubt the plaintiff had a meritorious cause of action. He worked for his father, after he became of age, from 1855 to 1859. If that were all his case the statute of limitations would bar a recovery for such services. It is alleged, however, that such services, in connection with further services to be rendered, were to be paid for in and by the will of the father. There is some evidence pointing in that direction. It is exceedingly loose, vague and unsatisfactory, consisting of conversations had with testator more than twenty years before this trial. We are not prepared to concede that the learned referee has given to such evidence a true construction, or that any contract to pay the plaintiff by provision in his father's will was made and mutually agreed upon between the father and son. There is nothing to indicate the son so understood it, or that the father regarded his language, if correctly stated, as other than simply an assurance that his children should have his property when he died, that plaintiff, being his only son, would have the farm. Such expressions are so common in daily life in every family that it would seem unsafe to attach importance to them as evidence of a contract, especially after twenty years. Where is the requisite deliberation, negotiation, purpose, mutual understanding and acceptance?

But, without putting our decision upon this ground alone, we will refer to the bar of the statute of limitations.

The contract between these parties, if any existed, was at an end in 1859. The defendant's testator had terminated it with offensive language and driven the plaintiff from his house. There was a breach of the contract by the father. He would not allow plaintiff to earn the wages agreed upon. By such breach of the contract, by such refusal to perform, the father became liable to plaintiff for the value of the services already rendered. The plaintiff could have brought his action for his damages immediately.

If the contract could be treated as one for the purchase of real estate by services to be rendered, it would be treated as void under the statute of frauds, being by parol. In such case the plaintiff would have been at liberty to bring his action for the value of his services whenever the testator gave notice of his rescission of and refusal to perform the contract. (*Day* v. *N. Y. C. R. R. Co.*, 51 N. Y., 590; *Galvin* v. *Prentice*, 45 id., 162; *King* v. *Brown*, 2 Hill, 485.) But so long as there was no breach of the contract by the testator no action would lie. (*Campbell* v. *Campbell*, 65 Barb., 639.)

We apprehend the rule is the same, even if this had been a contract to pay in money at testator's death by a legacy in his will. There is notice that such payment will not be made; there is a refusal to allow the contract to be completed; there is then an impossibility to perform the contract by defendant's fault. Upon what principal should plaintiff be required to wait twenty years to get not what was provided for by the contract, but the value of his services rendered before the breach? If the money is not due till the death of the testator, then no interest can be allowed. When an executory contract is repudiated the right of action is immediate. (*Lee* v. *Decker*, 6 Abb. [N. S.], 392, 394.) The party in fault becomes liable for all damages the other party may suffer. The action may be brought at any time after breach. (*Dillon* v. *Anderson*, 43 N. Y., 231.)

The plaintiff in this case has in effect brought his action for his damages caused by the refusal of testator to fulfill his agreement. The amount claimed is the value of the work and labor done by him for his father. Whatever his damages may have

been, they accrued when his father refused to allow him to go on and fulfill the contract. For them an action might then be brought. Hence the statute of limitations began to run from the breach, and plaintiff's claim had long been barred.

The case of *Quackenbush* v. *Ehle* (5 Barb., 469) is relied upon by plaintiff. We think that case was not well considered. It is there said by the judge : " The report of a referee is like the verdict of a jury ; it is conclusive where," etc. The contrary is held in *Robinson* v. *Raynor* (28 N. Y., 494).

Again it is said " there is no evidence to sustain the defendant's plea of the statute of limitations ; the plaintiff's demand for compensation was not due until the death of his father." Citing *Patterson* v. *Patterson* (13 Johns., 379.) All this case decides is this : An action cannot be maintained upon such contracts to recover compensation for services during the life-time of the father, there having been no breach by the father. It was an action by the son against the father as here, but the contract was being carried out by the son with the consent of his father when the action for his services was brought. The court held payment not due. Nor does it appear that the statute of limitations had anything to do with the case of *Quackenbush* v. *Ehle* in any event. Plaintiff in that case was ejected from the premises in November, 1841; his father died in 1843. When the suit was begun by plaintiff does not appear, but it was tried in February, 1848, so it is not clear that even six years had elapsed after the breach of that contract.

While that case may have been, and we think was, properly decided, we do not yield our approval to the remarks of the learned judge to which we have called attention, and which were not essential to the disposition of the case then before the court.

We think the order of confirmation and judgment should be set aside, the referee discharged, and a new trial granted, with costs to abide the event.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment and order reversed, referee discharged, new trial granted, costs to abide event.