(75 App. Div. 323.)

### HART v. TUITE.

(Supreme Court, Appellate Division, Second Department.    October 10, 1902.)

1. EXECUTORS—ADMINISTRATORS—CLAIM AGAINST ESTATE—EVIDENCE.
    A claim against the estate of a decedent, covering a long period of time, and unsupported by written evidence, is to be carefully scrutinized, and should only be allowed when established by satisfactory evidence.

2. SAME—EVIDENCE—SUFFICIENCY.
    Where, in proceedings to establish a claim against the estate of a decedent, the referee finds the services rendered, etc., though on appeal the evidence justifies a doubt as to the services having been rendered as claimed, the advantages possessed by the referee in seeing and hearing the witnesses require that his conclusions be sustained.

3. SAME—APPEAL—HARMLESS ERROR.
    Where, on a hearing before a referee of a claim against the estate of a decedent for nursing, etc., a question to a witness as to whether he knew prices received by nurses was erroneously excluded, but the referee allowed for the nursing twice the amount named in the bill presented, the error was harmless.

Appeal from judgment on report of referee.

In the matter of the claim of Martha Hart against Thomas W. Tuite, as administrator of Bridget Ditton, deceased. From a judgment on the report of a referee granting insufficient relief to claimant, she appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

James Burke, Jr., for appellant.
Charles L. Hubbell, for respondent.

HIRSCHBERG, J.   The claimant appeals from a judgment in her favor against Thomas W. Tuite, as administrator of Bridget Ditton, deceased, entered upon the report of a referee appointed under section 2718 of the Code of Civil Procedure.   The claim presented against the estate was for "services as nurse, housekeeper, confidential secretary, and services generally," claimed to have been rendered by the appellant to the deceased for 9 years, 3 months, and 18 days, or from January 1, 1891, to the date of her death, on April 19, 1900, at $5 per week.   The referee found in favor of the appellant for seven weeks' nursing and attendance during the last illness of the deceased, at the reasonable value of $10 per week, but rejected the remaining portion of the claim.   Judgment having been entered for the amount so found due and owing, the appellant has appealed from such judgment, "and from each and every part thereof."

The rule is well settled in this state that a claim presented against an estate, which covers a long period of time, and is unsupported by written evidence, should be carefully scrutinized, and should only be allowed when established by satisfactory evidence relating both to the extent and value of the services.   Forbes v. Chichester (Sup.) 8 N. Y. Supp. 747; Rowland v. Howard, 75 Hun, 1, 26 N. Y. Supp. 1018; Yates v. Root, 4 App. Div. 439, 38 N. Y. Supp. 663; O'Neill v. Barry, 20 App. Div. 121, 46 N. Y. Supp. 752; Kearney v. McKeon, 85 N. Y. 136; Van Slooten v. Wheeler, 140 N. Y. 624, 633, 35 N. E. 583.   Judged by this rule, the present claim cannot be regarded as satisfactorily proved.   Nothing has been established which in any degree tends to account for the long period of over nine years without a demand for payment or a payment on account.   The friendly testimony offered in support of the claim is too vague and indefinite, both in respect to the nature and extent of the services, to warrant a judicial determination in its favor with reasonable certainty; and the evidence of the appellant's husband, which alone covered the entire period of the claim, is weakened not only by relationship, but by the fact that it overreached the mark in the assertion that such services "covered a period of twelve years continuously," while he admitted that his wife's acquaintance with the deceased commenced in 1890 or 1891, only 9 or 10 years before the latter's death.   The services rendered during the last seven weeks of the life of the deceased were proven with definiteness and certainty, and no error was committed in limiting the recovery to them.   Even if the evidence justified a doubt upon this point, the advantage possessed by the referee in seeing and hearing the witnesses would, under the circumstances, require that his conclusions should be sustained. Roosa v. Smith, 17 Hun, 138; Titus v. Perry, 13 N. Y. St. Rep. 237; Teeter v. Teeter (Sup.) 20 N. Y. Supp. 259; Sackett v. Thomas, 4 App. Div. 447, 448, 38 N. Y. Supp. 608.   What has been said also dis-

poses of the appellant's contention that the referee erred in excluding the hypothetical questions which were designed to prove the value of the services. The other exceptions have been examined, and only one of them is found to be well taken, viz., that in relation to the exclusion of the question to the appellant's husband whether he knew the prices received by nurses. But since the referee has allowed for the nursing which has been proven twice the amount claimed in the bill presented, that error may fairly be considered harmless on this appeal. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.