(97 App. Div. 358.)

## BAIR v. HAGER.

(Supreme Court, Appellate Division, Second Department. October 14, 1904.)

1. WORK AND LABOR—CONTRACT TO BEQUEATH—BREACH.

　　Where testatrix promised to compensate claimant for services performed and rendered to her for a period of nearly 11 years by a sufficient provision in her will, and deceased failed to make any provision for claimant, the latter was entitled to recover the reasonable value of her services, whether testatrix's failure to make the agreed bequest arose from accident or design.

2. SAME—LIMITATIONS.

　　Where testatrix failed to make a testamentary provision for claimant, in consideration for services rendered for a period of nearly 11 years, as she had agreed to do, claimant was not limited, in an action to recover for services so rendered, to a period of six years before action brought, since limitations did not begin to run until decedent's death.

Appeal from Judgment on Report of Referee.

Action by Charlotte L. Bair against Jacob Henry Hager, as executor of the will of Eliza Hager, deceased. From a judgment in favor of plaintiff, entered on a referee's report, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

J. L. Williams, for appellant.
Frank B. Lown and Benjamin M. Fowler, for respondent.

HIRSCHBERG, P. J. The claim in controversy is for board and personal services furnished and rendered to the decedent for a period of

¶ 1. See Wills, vol. 49, Cent. Dig. § 177.

nearly 11 years. The referee has found upon abundant evidence that the services were performed upon a promise made by the deceased to compensate the claimant by a sufficient provision in her will, and that the deceased wholly failed to make such provision for the claimant's compensation. In such circumstances, the party rendering services is entitled to compensation as a creditor of the estate for the value of the services, whether the failure to make the agreed compensation arose from accident or design. Robinson v. Raynor, 28 N. Y. 494; Collier v. Rutledge, 136 N. Y. 621, 32 N. E. 626; Gall v. Gall, 27 App. Div. 173, 50 N. Y. Supp. 563; Leahy v. Campbell, 70 App. Div. 127, 75 N. Y. Supp. 72. The amount allowed by the referee is not excessive, and no good reason is disclosed by the record for interference with the result.

The claimant is not limited to a period of six years for her recovery. There was no breach of the agreement until the failure of the deceased to provide by will for the claimant's compensation, and the statute of limitations did not commence to run until the death of the deceased. Leahy v. Campbell, supra, and Taylor v. Welsh, 92 Hun, 272, 36 .N. Y. Supp. 952.

The learned counsel for the appellant directs special attention to the case of Hart v. Tuite, 75 App. Div. 323, 78 N. Y. Supp. 154. That case has no analogy to this one. There there was nothing to account for the fact that during the long period of the rendition of the services no demand was made for payment, and no payment ever made on account. It was therefore held that the claim should be carefully scrutinized, and only allowed when established by satisfactory evidence relating both to the extent and value of the services. Here, however, the reason for non-payment is to be found in the fact that by mutual agreement such payment was to be deferred until the death of the employer. Until then no debt was due, and no lawful demand could be made. Moreover, the claim in this case, both as to the extent and the value of the services, appears to have been established by satisfactory evidence, and the decision is accordingly justified by the rule announced in Hart v. Tuite, supra.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.