MARKHAM v. DAVID STEVENSON BREWING CO.

(Supreme Court, Appellate Division, First Department. February 9, 1906.)

1. LANDLORD AND TENANT—TENANT'S COVENANT TO REPAIR—DEFAULT—MEASURE OF DAMAGES.

Where a tenant failed to make repairs, as he had covenanted to do, and the landlord made them, his measure of damages in an action against the tenant was the amount that he expended for the repairs, upon proof that it was the fair and reasonable cost of the work.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 563.]

2. SAME—INTEREST.

Where a tenant failed to make repairs, as he had covenanted to do, and the landlord made them and sued to recover the amount expended, he was not entitled to recover interest.; the damages not being ascertainable by computation.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 564.]

O'Brien, P. J., dissenting.

Appeal from Trial Term.

Action by Francis J. Markham against the David Stevenson Brewing Company. Judgment in favor of plaintiff. From an order denying a new trial, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Gratz Nathan, for appellant.

John H. Corwin, for respondent.

LAUGHLIN, J. The plaintiff leased certain premises in the city of New York to the appellant, and the action was brought to recover the sum of $3,450 damages alleged to have been sustained by the landlord through the failure of the tenant to keep its covenant "to make all and every repair of every description whatsoever, both inside and outside of the house, and about the demised premises, and to the roof of said buildings, at his own proper cost and expense," and "to comply with all the regulations and orders of the health, police, and fire departments, and also all the municipal departments of said city," and to leave the premises at the expiration of the term "in as good state and condition as reasonable use and wear will permit, damages by the elements excepted." The decision of this court on a former appeal established the right to recover and disposes of all questions arising on this appeal excepting the right of the plaintiff to recover interest and the award of an additional allowance of costs. 104 App. Div. 420, 93 N. Y. Supp. 684.

The court, on submitting the case to the jury, excluded from their consideration the amount of interest by directing that they render a verdict for the damages, "with interest." When the sealed verdict was reported, the court added the interest before the verdict was entered. The defendant duly excepted to the direction to add interest. There was no waiver of defendant's right to object to the allowance of interest by its failure to except when the jury went out. The exception taken when by direction of the court the interest was added was

timely. The right of the plaintiff to recover interest depends upon whether the claim for damages for breach of the covenants was liquidated. Owing to its age and dilapidated condition the building became unsafe, and the building department required certain extraordinary and extensive repairs to be made. The tenant failed to comply with the order. The landlord made the repairs and has recovered as damages the cost thereof. No question appears to have been raised on the trial as to the reasonableness of any disbursement made by the landlord for repairs. The litigation was over the items of repairs for which the tenant was liable. The right to recover interest is affected by the fact that the landlord made the repairs. His cause of action accrued upon the breach of the covenants to make the repairs, and he might have maintained the action without making the repairs. His measure of damages, so far as material to the present inquiry at least, would necessarily be the same in either case. He could only recover the reasonable cost of making the repairs. Having made the repairs, he could recover the amount expended for repairs, which it was the duty of the tenant to make, upon proving that it was the fair and reasonable cost of the work. It is manifest that different builders might differ as to the nature and extent of repairs that would be necessary and suitable and properly chargeable to the tenant, and as to the cost of making the same. It is difficult to perceive how the defendant could have ascertained, even approximately, the amount of its liability to the plaintiff to enable it to tender the same. The question depended on proof and could only be authoritatively determined by a verdict or decision.

The respondent relies on the case of Sweeny v. City of N. Y., 173 N. Y. 416, 66 N. E. 101. That was an action on a contract to recover the contract price of removing the walls and debris after the old Windsor Hotel fire. The contract price of the work was not a gross sum, but a given price per cubic yard of material removed and for each day's labor required. After completing the work, the contractor presented a claim for the balance of the contract price, computed on the basis prescribed in the contract. It was held that the damages were capable of ascertainment by mere calculation, and that interest was recoverable. If the city had supervised the work, it would have known how much material was removed and the number of days' labor employed. The court did not intend to modify the rule of the common law that a demand must be liquidated or the amount thereof ascertained before interest is recoverable farther than that rule had been previously modified in this state by the qualification that "if the amount due is capable of being ascertained by mere computation the allowance of interest is proper, but not otherwise." Excelsior Terra Cotta Co. v. Harde, 181 N. Y. 11, 73 N. E. 494, affirming 90 App. Div. 4, 85 N. Y. Supp. 732; Delafield v. Village of Westfield, 41 App. Div. 24, 58 N. Y. Supp. 277, affirmed 169 N. Y. 582, 62 N. E. 1095. It is quite clear, I think, that the damages for which the defendant is liable were not ascertainable by a mere computation, and therefore interest was not recoverable. The facts were not complicated, but the case involved novel legal propositions, making it difficult and extraordinary, and the discretion of the trial justice was properly exercised in granting the additional allowance.

It follows that the judgment should be modified by deducting from the recovery $685.47, the amount of the interest, and reducing the additional allowance to 5 per cent. upon the verdict exclusive of interest, thus reducing the judgment as entered, including costs and extra allowance, to the sum of $1,862.27; and the judgment, as so modified, and the order appealed from, should be affirmed, without costs. All concur, except O'BRIEN, P. J., who dissents.