CHAMBERS v. BOYD.

(Supreme Court, Appellate Division, First Department.   December 7, 1906.)

1. EXECUTORS AND ADMINISTRATORS—SERVICES RENDERED DECEDENT.
    Where services are rendered under a promise to make compensation therefor by will, and the person dies without having fulfilled the promise, the person rendering the services is entitled to compensation as a creditor of the estate for the value of the services rendered.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 737.]

2. LIMITATION OF ACTIONS—ACCRUAL OF RIGHT OF ACTION—PROMISE OF COMPENSATION BY WILL
    Where decedent, who promised to make compensation in her will for services rendered over a long period of years, failed to do so, recovery for such services was not limited to six years before action brought, since limitations did not begin to run until decedent's death.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 244.]

3. INTEREST—UNLIQUIDATED CLAIM.
    Interest should not be allowed on an unliquidated claim for services rendered under promise to make compensation therefor by will.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Interest, § 35.]

Appeal from Trial Term, New York County.

Action by Sidney C. Chambers against George B. Boyd. From a judgment for plaintiff and order denying new trial, defendant appeals. Reversed, unless plaintiff stipulates to reduce judgment by striking out interest allowed, in which event judgment as modified and order are affirmed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, HOUGHTON, and SCOTT, JJ.

Charles N. Morgan, for appellant.
Louis Sturcke, for respondent.

McLAUGHLIN, J.   The plaintiff, as the assignee of one Gertrude Creighton, née Beckett, brought this action to recover from the estate of Mary J. Quackenbush for services alleged to have been rendered by her to the testatrix from 1888 to November, 1901.   The plaintiff's assignor was not related to Mrs. Quackenbush either by blood or marriage, and that she, in 1888, at the request of Mrs. Quackenbush, left Jamaica, W. I., where she was earning $20 per month as a governess, and went to live with the testatrix, and thereafter continued to live with her until November 14, 1901, was not denied; nor was it denied that she did render service during that time to Mrs. Quackenbush in a general way as companion, maid, nurse, and amanuensis.   She was 22 years of age at the time she entered Mrs. Quackenbush's service, and the evidence is sufficient to sustain the finding of the jury that the services were performed by reason of a promise made by Mrs. Quackenbush that she would provide in her will for their payment, which she failed to do.

The appellant contends that the plaintiff's assignor violated the agreement under which the services were rendered, and for that reason plain-

tiff ought not to have recovered. In support of this contention numerous letters, written by plaintiff's assignor to Mrs. Wood (a niece of Mrs. Quackenbush, and the principal beneficiary under her will), in which Mrs. Quackenbush was spoken of in terms of ridicule and disrespect, were introduced in evidence; the argument being that one who entertained the feeling evidenced by these letters could not render the services called for by the agreement. The letters were written by one friend to another. They were not intended for publication, nor do they seem to have been made public until after the death of Mrs. Quackenbush. Whatever may be said of the motive which induced the recipient of the letters to make them public, I do not think they are sufficient to justify a finding that the services called for by the agreement were not rendered. The testimony of numerous witnesses who had knowledge of the services rendered by plaintiff's assignor in New York and California is to the effect that she was kind to Mrs. Quackenbush and rendered faithful services to her.

Attention is also called to the testimony of defendant's witness Gardner as to an altercation which took place between Mrs. Quackenbush and plaintiff's assignor at Lee, Mass., but it is to be noted that this witness also testified that barring this one occasion she "never heard Miss Beckett address one rude or disrespectful word to Mrs. Quackenbush," and, as far as she knew, during the entire time they stayed in her house "Miss Beckett was attentive and kind to Mrs. Quackenbush." The testimony of several witnesses is to the effect that after this occurrence the plaintiff's assignor enjoyed the confidence and affection of Mrs. Quackenbush. When the former left for California on the 14th of November, 1901, she, with other friends, accompanied her to the railroad station, and from what there took place, and declarations of Mrs. Quackenbush after the departure of plaintiff's assignor, the jury was justified in finding, if there had been a breach, it had been condoned and forgiven by Mrs. Quackenbush.

The verdict of the jury establishes that the services were performed upon a promise by the deceased to pay for the same by a provision in her will. She did not keep the promise. Under such circumstances the party rendering the service is entitled to compensation as a creditor of the estate for the value of the services rendered. Robinson v. Raynor, 28 N. Y. 494; Collier v. Rutledge, 136 N. Y. 621, 32 N. E. 626; Gall v. Gall, 27 App. Div. 173, 50 N. Y. Supp. 563; Leahy v. Campbell, 70 App. Div. 127, 75 N. Y. Supp. 72. The evidence as to the value of the services was conflicting. Plaintiff claimed they were worth $8,050, and his proof tended to establish that fact, while that on the part of the defendant tended to establish they were worth much less. The jury found the services were worth $3,000, and that the plaintiff was entitled to interest on that sum from the day she started for California, which amounted to $735.

Appellant also says that the recovery in any event should have been limited to services rendered the last six years; the statute of limitations having been pleaded. The statute does not apply. The jury, by its verdict, found the agreement was to compensate the plaintiff's assignor by will. There was no breach of the agreement until the failure of the deceased to provide by will for the payment. The statute of limita-

tions did not commence to run until the death of Mrs. Quackenbush. Bair v. Hager, 97 App. Div. 358, 90 N. Y. Supp. 27; Taylor v. Welsh, 92 Hun, 272, 36 N. Y. Supp. 952.

Other errors are alleged, and especially as to the admission and rejection of testimony, but I am unable to discover that any error was committed in this respect. The case was submitted to the jury under a charge certainly as favorable to defendant as he could ask, and I am satisfied the verdict, in so far as it establishes the value of the services, is right. I do not think, however, under the facts here presented, that the plaintiff was entitled to recover interest. He claimed the value of the services rendered was $8,050. The jury found they were worth $3,000. I think, under the facts of this case, the claim was unliquidated, and interest ought not to have been allowed. Delafield v. Village of Westfield, 41 App. Div. 24, 58 N. Y. Supp. 277, affirmed without opinion 169 N. Y. 582, 62 N. E. 1095; Excelsior Terra Cotta Co. v. Harde, 90 App. Div. 4, 85 N. Y. Supp. 732, affirmed 181 N. Y. 11, 73 N. E. 494, 106 Am. St. Rep. 493; Markham v. Stevenson Brewing Co., 111 App. Div. 178; Weber & Co. v. Hearn, 49 App. Div. 213, 63 N. Y. Supp. 41.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide event, unless plaintiff stipulates to reduce the judgment as entered by striking out $735, the interest allowed; in which event the judgment as so modified and the order appealed from will be affirmed, without costs to either party. All concur.