Action by Pauline Dietz against Henry Dietz. On motion to punish defendant for contempt in failing to comply with order awarding temporary alimony. Denied.

Towne & Spellman, of New York City, for the motion.
S. C. Sugarman, of New York City, opposed.

GIEGERICH, J. It appears from the papers submitted that the justice before whom this action for a separation was tried announced orally at the conclusion of the trial that he had decided the issues in favor of the defendant. It is undisputed, however, that no formal decision or judgment has as yet been entered.

[1] As temporary alimony continues until the entry of the judgment granting or denying the relief asked (Horn v. Horn, 73 Misc. Rep. 14, 18, 130 N. Y. Supp. 591), the defendant is under obligation to pay the sum due for alimony under the order awarding the same until a final judgment in his favor is entered.

[2] As the arrears for temporary alimony are superseded by the final judgment when entered (Wood v. Wood, 7 Lans. 204; 14 Cyc. 760; 3 Enc. L. & P. 138, 139; Thurston v. Thurston, 136 N. Y. Supp. 340), I will hold this matter open for 10 days in order to enable the defendant to secure the entry of such judgment.

---

(76 Misc. Rep. 60.)

THACHER et al. v. NEW YORK, W. & B. RY. CO.

(Supreme Court, Trial Term, New York County. March, 1912.)

WORK AND LABOR (§ 10*)—EFFECT OF EXPRESS CONTRACT—INVALIDITY.

One who renders services under an express contract, void under the statute of frauds, because not to be performed within a year of its making, is entitled to recover on quantum meruit, with interest from the time of demand of payment, on proof that he was ready and willing to perform, and that defendant had repudiated the contract or refused performance.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 25; Dec. Dig. § 10.*]

Action by Edwin Thacher and another against the New York, Westchester & Boston Railway Company for services rendered on express contract, with second count on quantum meruit. On special verdict, the jury found that the contract was not to be performed within one year from the time it was made, and that the value of the services rendered was $12,400. Judgment for plaintiffs.

Henry D. Merchant, for plaintiffs.
Ralph Polk Buell, for defendant.

GREENBAUM, J. It seems to be the settled rule in this state that the right to recover the value of services upon an implied assumpsit to pay therefor, upon an agreement void under the statute of frauds, arises when it is shown that the plaintiff has been ready and willing to perform and the other party has repudiated or refused to perform.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Day v. New York Central R. R. Co., 51 N. Y. 583; Galvin v. Prentice, 45 N. Y. 162, 6 Am. Rep. 58. In the latter case it is said:

"The effect of the statute is to prevent either party from enforcing performance of the verbal contract against the other, but not to make a different contract between them."

Erben v. Lorillard, 19 N. Y. 299, 302, relied upon by defendant, is in harmony with the rule above set forth. The opinion of Grover, J., at page 302, states:

"When the agreement fixing the compensation is void, it furnishes no evidence of value."

At page 304, Denio, J., concurring, says:

"It is true a party who has made a payment in money, property, or services upon a contract which is invalid, for want of the formalities required by the statute of frauds, may, upon the other party refusing to go on, recover back the amount of such payments in an action upon an implied assumpsit."

We thus find an express recognition of the principle recognized in the Day and Galvin Cases, supra. It therefore follows that the statute of limitations did not begin to run until long after 1903, and that it is not a bar to a recovery herein.

The case of Sweeny v. City of New York, 173 N. Y. 414, 416, 66 N. E. 101, is decisive upon the point that plaintiffs are entitled to interest from February 29, 1908, the time of demand for payment of their claim. The reference to the Sweeny Case in the opinion of Markham v. Stevenson Brewing Co., 111 App. Div. 178, 97 N. Y. Supp. 604, to which defendant's counsel calls attention, has no bearing upon this rule.

A verdict is accordingly directed, pursuant to stipulation, in favor of plaintiffs for $12,400 and interest thereon, computed from February 29, 1908, to March 11, 1912, to wit, the sum of $15,398.73, and the clerk is directed to enter the verdict for $15,398.73 as of the date of March 11, 1912.

Judgment for plaintiffs.