Decree modified on the law in accordance with the memorandum and as modified affirmed, with costs to all parties filing briefs payable out of the estate. Memorandum: The judgment in the Supreme Court action entered in the Herkimer County Clerk’s Office on May 20,1943, which dismissed, on the merits, an action brought by respondent [Maxfield] to compel specific performance of an alleged agreement to the effect that, in consideration of services performed and to be performed, decedent agreed that he would, by suitable provision in Ms last will and testament and in full compensation for said services, leave all of Ms property, both real and personal, to respondent, does not bar respondent from obtaining compensation as a creditor of the estate for the value of the services performed. (Gall v. Gall, 17 App. Div. 312; Bair v. Hager, 97 App. Div. 358; Chambers *862 v. Boyd, 116 App. Div. 208.) However, respondent having failed to show that decedent promised to compensate him or his wife for such services by a provision in his will, recovery must be limited to the value of the services performed during the six years prior to decedent’s death. (Shakespeare v. Markham, 72 N. Y. 400, 407.) On the record proof, respondent is entitled to compensation for 307 weeks at $10 and for 5 weeks at $25 per week, making a total of $3,195. All concur. (The decree allows a claim against an estate for services furnished decedent.) Present — Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ.