John J. Dillon, S.
In this compulsory accounting proceeding the respondent executor having challenged the status of petitioner, a preliminary hearing was had to determine petitioner’s status as a claimant or creditor of decedent.
The proof of claim alleges that claimant rendered personal services for decedent over a period of 25 years; that on numerous occasions decedent promised to compensate, claimant by an appropriate legacy in his will, on the strength of which claimant continued to render services of the reasonable value of $20,000. In serving the notice of rejection of such claim, respondent has pleaded the Statute of Frauds and the Statute of Limitations as affirmative defenses.
In the main the services were rendered in connection with the management of one or more apartment houses in which, commencing in 1927, the claimant, decedent and others had undivided interests. The services rendered included mainly receiving the complaints of tenants, arranging for repairs and maintaining the necessary financial records in connection with the management of such apartment houses; drawing checks for the payment of taxes, mortgage interest, and other carrying charges ; maintaining records in connection with social security returns, preparing Federal and State income tax returns and attending to correspondence in connection with the management of such apartment houses. Claimant also chauffeured decedent over the years and performed certain menial tasks in connection with the apartment houses. Services in the nature of nursing services were also rendered over a short period of time, especially during the period of a few months prior to decedent’s death when he was bedridden.
The alleged promise by decedent to provide for claimant in his will consisted of oral statements made by decedent to the claimant and others that he would remember the claimant when the time came, and that “ he (the claimant) would be taken care of ”. These declarations to claimant are alleged to have been, made at a time after the death of decedent’s wife in January, 1954, when claimant indicated to decedent that he wanted to move and decedent is alleged to have stated that he needed the claimant more than ever and would remember him when the time came ”.
If it were assumed that there were a valid agreement, express or implied, that the services to be rendered were to be compensated by provision in the will, the Statute of Limitations would not be a defense. Upon such an agreement the Statute of Limitations would not begin to run until the date of death. (Ga Nun v. Palmer, 202 N. Y. 483; Chambers v. Boyd, 116 App. *541 Div. 208.) Where services are rendered in pursuance of a mutual understanding that payment should be made by a bequest or devise and the party dies without providing for the expected compensation, a contract results and the person rendering services stands as a creditor of the estate for the fair and reasonable value of such services. (Ga Nun v. Palmer, supra.)
However, in order to establish a claim on a contract to make a will, in addition to the usual requirement of competent parties, a definite subject matter and consideration for the contract, it must be shown that the agreement is fair and equitable and the terms thereof definite and certain. (Hamlin v. Stevens, 177 N. Y. 39.) Declarations of a testamentary intention do not constitute any element of a contract unless it is shown that they were communicated to the claimant or made for the purpose of inducing a claimant to render services and that such services were performed in consequence of such promise or declaration. (Matter of Stewart, 21 Misc. 412.) In Frankenberger v. Schneller (258 N. Y. 270) it was stated that a distinction must be made between a promise made and understood as a mere expression of intention and the assumption of a binding obligation in consideration of a promise given by claimant in return, or performance of a stipulated act. It was there held that recovery against an estate could not be predicated upon disappointed expectations or even an expression of intention in the form of a promise not carried out. Moreover, in order to establish such a claim against the decedent, the proof must be clear and convincing without transcending the ordinary rule requiring a claimant to establish the essentials of the claim by a fair preponderance of the evidence. (McKeon v. Van Slyck, 223 N. Y. 392; Lewis v. Merritt, 113 N. Y. 386.)
The court determines that the claimant has no such status as will support his petition for a compulsory accounting as a claimant or a creditor. The claimant was related to decedent by marriage and lived under the same roof with decedent. The bulk of the services rendered by claimant were performed in connection with the management of apartment houses of which claimant was also the owner of an undivided interest long prior to the time the alleged promise was made to claimant. In the main such services rendered by claimant represented only a portion of the services required to be rendered in connection with the management of such apartment houses and were necessary for the protection of claimant’s undivided interest in such apartment houses, as well as for the benefit of decedent and other owners. The other personal services, especially those in caring for decedent shortly prior to his death and *542 during the few months when he was bedridden would not normally be presumed to have been rendered under any express or implied agreement for compensation or otherwise than gratuitously. Claimant was a stepson of decedent and with claimant’s wife had been the recipient of decedent’s kindness in a time of need.
The evidence fails to establish the assumption of a binding obligation by decedent in consideration of a promise given by claimant in return, or the performance of a stipulated act. (Frankenberger v. Schneller, supra.) At most, the evidence merely establishes statements made by decedent too vague and indefinite to support a contract express or implied, or to establish the assumption by claimant of any binding obligation for the performance of any specified or stipulated act. At most the evidence establishes declarations by decedent made and understood as an expression of intention in the form of a promise.
The executor’s motion to strike out all the testimony upon which decision was reserved at the trial is denied, and the motion by the executor to dismiss for failure to establish the respondent’s status as a claimant or creditor is granted. Upon all the evidence the court determines that petitioner has no such status as a claimant or as a creditor as would enable him to institute the proceeding for a compulsory accounting.
Settle order accordingly dismissing the petition.