## SUPREME COURT.

### CHRISTIAN KILTS agt. WILLIAM SEEBER.

Where the defendant serves with his answer an *offer* to take judgment under § 385 of the Code, and the plaintiff, without giving notice of his acceptance of the offer, and after the time has expired for that purpose, serves an *amended complaint*, to which an answer is served—not changing or materially affecting the issues—it does not annul nor deprive the defendant of the benefit of his *offer*

If a plaintiff amend his complaint, in order to fortify his case against the legal effect of an offer of judgment made under § 385 of the Code, even to the requiring a new answer, he cannot thus exonerate himself from the payment of the defendant's *costs*, if in the event he fails to recover a more favorable judgment than that offered.

*It seems*, that the offer may be made *before* service of the complaint. And any amendment the plaintiff may see fit to make, cannot deprive the defendant of the benefit of his offer, where the plaintiff fails to recover a more favorable judgment.

*Otsego Special Term, Nov.,* 1854.

MOTION, on behalf of plaintiff, asking for an order directing the clerk of Madison county to adjust full costs to the plaintiff, and enter the same in the judgment roll with the verdict ; and also to set aside the adjustment of defendant's costs.

C. FIELD, *for motion.*
MR. FOWLER, *in opposition.*

CRIPPEN, Justice.    This action was commenced by service of a summons and complaint on the 3d of March, 1854. On the 20th of March, the defendant's attorneys served an answer, and at the same time served the plaintiff's attorney with a written offer to let judgment be entered against the defendant, in favor of the plaintiff, for the sum of two hundred and forty-one dollars and fifty cents, with costs of the action. The offer was made under § 385 of the Code.    The plaintiff gave no notice of acceptance of the offer.    Afterwards, and

Kilts agt. Seeber.

after the time had elapsed in which such notice of acceptance could be legally given, the plaintiff's attorney served an amended complaint in said action. The defendant's attorneys, in due time, served an answer to the amended complaint; this last answer, however, was the same as the first. The action was brought to recover for carpenter work done and performed by one Christopher Kilts for the defendant, in the erection of a dwelling house and wood house. The plaintiff is the assignee of the demand. The plaintiff, in the first complaint, in describing the contract, omitted to aver that the defendant agreed to board said Christopher Kilts and his workmen while engaged at work on said buildings. In the answer to the first complaint, the defendant set up a counter claim against the plaintiff's demands, and alleged that the said Christopher Kilts was indebted to him for board, furnished and provided to him at his request.

On the trial of the action at the circuit, the plaintiff recovered a verdict of $190 damages. Afterwards, the attorneys of both parties served bills of costs, with notice of adjustment by the clerk of Madison county. The foregoing facts appearing before the clerk, he proceeded and adjusted the defendant's costs in the action, which had accrued therein after the service of the offer of judgment, as above stated, at $97.54; and refused to adjust the plaintiff's costs, accruing after the service of said offer of judgment, or to incorporate such costs in the judgment roll in favor of the plaintiff.

It is urged on the part of the plaintiff, that the service of an amended complaint, and the answer thereto, annulled and rendered void the offer, previously made by the defendant, to allow the plaintiff to take judgment for the sum of $241.50, with costs.

It is not disputed but that the offer was legally and properly made. The plaintiff did not serve notice of acceptance, as required by § 385 of the Code; the offer, consequently, was deemed to be withdrawn; but the last clause of that section provides, that if the plaintiff fail to obtain a more favorable

judgment on the trial of the action, in that event he must pay the defendant's costs from the time of making said offer.

It is quite manifest that the amended complaint, and the answer thereto, did not materially affect the rights of the parties. The amendment did not enlarge or otherwise change the plaintiff's demand; its purport and object seemed to be, to meet a portion of the defendant's counter claim, or to set out an omitted provision of the contract, made for the erection of the buildings set forth in said complaint. It is quite unimportant for what purpose the complaint was amended; nothing new was set up by the amendment, requiring a new or different answer from the one put in to the original complaint. In short, the matters in issue remained unchanged by the new or amended pleadings.

The plaintiff had an undoubted right to amend his complaint at the time he did so. But I am not able to discover how such amendment can affect the rights of the defendant, flowing from the offer of judgment previously served on the plaintiff's attorney. The substantial rights of the parties remained the same subsequent to the amendment of the complaint, as they were when the offer of judgment was served; no change of the plaintiff's claim in the action; no change of the defence thereto had been made. The time for accepting the offer of judgment had passed by; the rights of the parties, in respect to such offer, had become fixed by law, and must be so held, unless, at least, such a change of the questions, or matters in issue, were made by the amended pleadings, as materially to affect the substantial rights of the parties; and even then, it may well be doubted whether the plaintiff, by amending his complaint, can in such a case deprive the defendant of the benefit of the offer previously made and not accepted. I am strongly inclined to the opinion, that after the time had expired in which the plaintiff could accept the offer of judgment, he could not, by any amendment of the complaint, take from the defendant the right ultimately secured to him by the offer. If a plaintiff amend his complaint in order to fortify his case against the legal effect of an offer of judgment made under § 385 of the Code, by enlarging the area, or the amount of his demands, so that even

a new answer of new or additional matter might be required, yet, if the plaintiff in the end fail to recover more favorable judgment than that offered by the defendant, no good reason can be assigned why he should not be subjected to the payment of the defendant's costs, as required by the above section of the Code. It is there provided, that the defendant may, at any time before trial or verdict, serve upon the plaintiff an offer, in writing, to allow judgment to be taken against him for the sum therein specified, with costs. Such offer, it would seem, may be made at any time before verdict. I see no reason why it may not be made even before complaint.

A *cognovit actionem* could be given before declaration, under the former practice. (*Graham's Practice*, 2d Ed., 282.) The Code authorizes the defendant to offer a confession of judgment to the plaintiff at any stage of the action before verdict. Under the former practice, the plaintiff might refuse the defendant's offer with impunity ; he could proceed in the action notwithstanding such offer, and swell up a large bill of costs for the defendant to pay. The Code has furnished a remedy for this evil ; the provision is just, and should be carried into full effect by the courts. If the offer of judgment may be made before complaint, and of which I have no doubt, it would seem that the amendment of the complaint cannot deprive the defendant of the benefit of an offer made after complaint served, and prior to such amendment. Indeed, I am satisfied that any amendment the plaintiff may see fit to make, cannot deprive the defendant of the benefit of his offer, in case the plaintiff fail to obtain a more favorable judgment than that offered by the defendant.

It cannot be doubted, if the plaintiff had accepted of the offer of judgment in this case, but that it would have been a full and complete bar to the demands set up in the defendant's answer. The answer was served with the offer. An offer, when thus served, must be held to have reference to the claims and demands which each party have set up in their pleadings against the other, the same as a *relicta cognovit* formerly had. The case of *Schneider* agt. *Jacobi*, (1 *Duer*. 694,) bears directly

upon this point. It cannot be pretended, under the facts of this case, that the plaintiff obtained a more favorable judgment than that offered to him by the defendant. The defendant, in fact, offered a judgment of about fifty dollars more to the plaintiff than he recovered by the verdict of the jury. It may be, and indeed it is not unlikely that the defendant made the offer with a view of inducing the plaintiff to accept it : he was anxious, very likely, to avoid the trouble, expense and vexation of a law suit; the demand against him had been assigned over to the plaintiff, and a suit was brought upon it; the assignor was a competent witness against the defendant : in order, therefore, to rid himself of the hazard and trouble of a law suit, he made an offer of judgment for a much larger sum than was justly due from him to the plaintiff or his assignor. The plaintiff did not see fit to accept the offer; he allowed the time to pass by in which he had a right to accept it. The result, therefore, is, that the plaintiff is liable to pay the defendant's costs in the action which accrued after the time of making the offer of judgment. This motion must be denied, but without costs. The question involved is novel; consequently, I deem it just to refuse costs.