## SUPREME COURT.

### Gilbert Budd agt. Francis J. Jackson.

When the plaintiff unites in the same action, a claim which is *not disputed* with one that is, the defendant, under section 385 of the Code, may remove from the controversy the undisputed claim, by the *offer* provided for under this section, and thus make the *subsequent costs* depend upon the result of the litigation in regard to the *disputed claim*.  But the offer must be fully equal to the sum actually and really due to the plaintiff, or he is not bound to accept it.

The "more favorable judgment" mentioned in section 385, which the plaintiff must recover to entitle him to costs, does not mean, in the case of a money demand upon which interest is accruing, a sum greater at the time of the report or verdict than the sum offered.  If the verdict or report is made up of principal and the interest which accrued thereon, in determining which is most favorable to the plaintiff, the *interest which accrued intermediate the time of the offer and the time of the rendition of the judgment, is to be rejected therefrom.*

Thus, in this case, the sum named in the written offer was $357.44, and the sum found due the plaintiff by the referee was $377.17, being $19.73 in excess of the sum expressed in the offer, but as this excess was not equal to the *interest from the time of the offer to the date of the report,* the plaintiff failed to obtain a more favorable judgment.

*Kings General Term, December*, 1863.
BROWN, SCRUGHAM and LOTT, *Justices.*

APPEAL from an order made at special term denying defendant's motion for costs.

J. H. JACKSON, *for the plaintiff.*
H. A. NELSON, *for the defendant.*

By the court, BROWN, Justice.   On the 27th of June,
1862, the defendant served upon the plaintiff, with his
answer, an offer in writing, pursuant to section 385 of the
Code, to allow judgment to be entered against him for the
sum of $357.44, with the costs of the action, which the
plaintiff declined to accept.   The action was afterwards
referred to a referee to hear and determine who made his
report in writing bearing date March 27th, 1863, and in
which he found, first, that the defendant owed · nothing to
the plaintiff upon the note first set out in the complaint;
second, that the defendant was indebted to the plaintiff
upon the note secondly mentioned in the complaint, $400
for principal, with the interest thereon from May 4th,
1862 ; third, that the plaintiff was indebted to the defendant at the time of the commencement of the action in
the sum of $48 for board.   And as a conclusion of law he
found that there was due and owing to the plaintiff at the
date of his report the sum of $377.17.   It results from
this statement of the indebtedness that there was actually
due to the plaintiff at the time of the defendant's offer
that judgment be taken against him (27th June, 1862) the
sum of $356.14, and no more.   The provision of the Code
referred to is in these words : " The defendant may at any
time before trial or verdict serve upon the plaintiff an
offer in writing to allow judgment to be taken against him
for the sum or property, or to the effect therein specified,
with costs.   If the plaintiff accept the offer and give no-
tice thereof in writing, within ten days, he may file the

summons, complaint and offer with an affidavit of notice of acceptance, and the clerk must thereupon enter judgment accordingly. If the notice of acceptance be not given, the offer is to be deemed withdrawn, and cannot be given in evidence, and if the plaintiff fail to obtain a more favorable judgment he cannot recover costs, but must pay the defendant's costs from the time of the offer." The purpose of this section is to prevent unnecessary litigation.

When the plaintiff unites in the same action as he did in the present case, a claim that is not disputed with one that is, the defendant may remove from the controversy the undisputed claim by the offer under the section quoted, and thus make the subsequent costs of the litigation depend upon the result of the litigation in regard to the disputed claim. The offer must be fully equal to the sum actually and really due to the plaintiff, or he is not bound to accept it, and whether it is equal to that or not is to be determined (if it is not accepted) by the sum subsequently found due by the verdict of the jury, or the report of the referee. The plaintiff is at liberty to reject the offer, and to proceed in the action as if it had not been made, but he does this at the peril of losing his own subsequent costs, and also of paying costs to the defendants, should he fail to recover a more favorable judgment. This "more favorable judgment," spoken of in the section which he must recover to entitle him to costs, does not mean in the case of a money demand, upon which interest is accruing, a sum greater at the time of the report or verdict than the sum offered. Because the excess may be made up of the interest accruing since the time of the offer and pending the litigation. Were this construction to obtain the section would become practically useless, for, as it would be impossible to know how long the litigation has to last, so it would be impossible to know what sum to offer. Besides, if the offer be a greater sum than that

actually due at the time of the offer, by accepting it the plaintiff would in fact get what did not belong to him. The time of the offer is a material element in determining whether it is as favorable as the judgment recovered. And if the verdict is made up of principal and the interest which accrued upon that principal, in determining which is most favorable to the plaintiff, the interest which accrued intermediate the time of the offer and the time of the rendition of the judgment is to be rejected therefrom. Thus, in the present case, the sum named in the written offer was $357.44, the sum found due the plaintiff by the referee is $377.17, being $19.73 in excess of the sum expressed in the offer, but as this excess is not equal to the interest from the time of the offer to the date of the report, the plaintiff has failed to obtain a more favorable judgment.

The test is the sum due to the plaintiff for principal and interest thereon at the time of the written offer, and not that sum increased and enlarged with the interest intermediate the date of the offer and the date of the report or verdict. (*Schneider* agt. *Jacobi*, 1 *Duer*, 694; *Burnett* agt. *Westfall*, 15 *Howard's Pr. Rep.* 420.)

We think the judge at the special term erred in denying the defendant's motion for costs subsequent to the time of the offer. The order appealed from should be reversed, and an order entered granting the defendant's motion for costs with $10 costs of the appeal and $10 costs of the motion at the special term.