## SUPREME COURT.

### Loren L. Tompkins agt. Titus Ives.

Where the defendant after service of an offer to allow plaintiff to take judgment for a specified sum, and within the ten days allowed for plaintiff's acceptance, serves an answer and *counter-claim* demanding judgment of the plaintiff for a larger sum than the amount of the offer, and upon the trial the plaintiff recovers a few cents less than the defendant's offer, he is nevertheless entitled to *costs;* for by the extinguishment of the counter-claim he recovered a more favorable judgment.

*It seems,* that where the offer is served with the answer or subsequent thereto, and accepted by the plaintiff, it extinguishes all claims involved in the issue to be tried.

*Herkimer Special Term, August, 1865.*

This action was brought to recover a balance of $150 for work, labor and services. The defendant on the 31st day of January, 1865, and before answering, served an offer to allow judgment to be entered against him for $70, besides costs; and four days after serving said offer, he served an answer alleging payment of plaintiff's claim, and set up two counter-claims, and demanded judgment against plaintiff for $100.42, besides costs. The cause was referred to a referee, and tried before him, and he made a report dated April 15, 1865, wherein he reported due plaintiff from defendant, the sum of $69.80, over and above all counter-claims, and each party claimed to be entitled to costs. And the clerk before whom the costs were taxed, decided plaintiff was not entitled to recover costs after the service of said offer, and that defendant was entitled to recover costs of plaintiff from the time of such offer. From which decision plaintiff appealed to this court.

Moore & McCartin, *for plaintiff.*

The service of an offer under section 385 of the Code, amounts to a written stipulation on the part of defendant,

and precludes defendant from taking any steps till the ten days expire, or notice of acceptance is served. And the service of an answer subsequent to an offer, does not change the conditions of the parties at the time of such offer (8 *How. Pr. R.* 240). And the defendant should have waited till the ten days expired before serving his answer, or renewed his offer afer serving his answer.

2d. The plaintiff has recovered a "*more favorable judgment*" than he would had he accepted defendant's offer. The offer was that plaintiff might take judgment for $70, besides costs; that sum with interest from January 31, 1865, the date of the offer, to the 15th day of April, 1865, would amount to $70.88, and on that day plaintiff received a report for $69.80, being $1.08 less than the amount of defendant's offer, but the counter-claims which defendant set up have been lititgated and extinguished, and where the amount recovered and the counter-claims overcome, amount together, to more than defendant's offer, the plaintiff is entitled to full costs. (7 *How. Pr. R.* 324; *Code,* § 385; 2 *Bosw. R.* 489; 1 *Duer's R.* 694.)

BROWN & BEACH, *for defendant.*

Defendant is entitled to recover costs from the service of offer of judgment, as the plaintiff has recovered less than said offer. (10 *How. Pr. R.* 270, 272, 273, 552; 24 *How. Pr. R.* 8.)

2d. The offer and the answer which were served within the ten days within which the plaintiff could elect to accept, was in effect an offer of judgment, which if accepted at expiration of ten days, would have extinguished the counter-claim.

MORGAN, J. In this case the plaintiff is entitled to full costs, as the judgment recovered is more favorable than the offer. (*Ruggles et al.* agt. *Fogg,* 7 *How.* 324; *Schneider*

agt. *Jacobie*, 1 *Duer*, 694.) The defendant cannot make his answer subsequently served, a part of his offer, so as to change the condition of the parties at the time of the offer. (*See* 8 *How. Pr. R.* 240.) He should have offered to allow plaintiff to take judgment over and above all set-offs and counter-claims, or he should have renewed his offer when he served his answer. When the offer is served with the answer or subsequent thereto, I am inclined to agree with the defendant's counsel, that an acceptance and consequent judgment will extinguish all claims involved in the issue to be tried.

An order may be entered with the clerk of Jefferson county setting aside the taxation, and directing the clerk to tax the costs to the plaintiff. As the question is still one of doubt and difficulty, no costs will be allowed to either party on this motion.

From this decision the defendant appealed to the general term in the fifth district, and the cause was argued at the October term, 1865, and the decision of the special term affirmed. No written opinion was delivered.

MULLIN, BACON and MORGAN, Justices.