GEORGE M. SMITH, as Assignee of Frank Lyons *et al.*, Respondent, *against* JOHN J. BOWES *et al.*, Appellants.

(Decided December 4th, 1882.)

Under the provision of the Code of Civil Procedure (§ 738), authorizing an offer of judgment "for a sum . . . . . therein specified," where an offer is made of a certain sum "with interest," not specifying the amount of interest or fixing any date for its computation, no significance can be given to the words "with interest."

In determining whether a judgment is more favorable than an offer, within the meaning of that section, interest included in the recovery, for the time subsequent to the offer, should be deducted from the amount of the judgment.

APPEAL from an order of this court denying a motion for re-taxation of costs.

The facts are stated in the opinion.

*Conlan & McCrea*, for appellants.

*Chauncey S. Truax*, for respondent.

BEACH, J.—This is an appeal from an order of the Special Term denying the defendants' motion for a re-

Smith v. Bowes.

adjustment of costs. It was claimed the sum recovered was less than an unaccepted offer of judgment. The Code of Civil Procedure authorizes a written offer for a *sum specified*. The offer served by the defendants was for fifty-six dollars, with interest. The only sum specified is the fifty-six dollars. No significance can be given to the words " with interest," from the impossibility of fixing any date for computation.

While the defendants' offer must be held at fifty-six dollars, the plaintiff's recovery for purposes of comparison must be reduced by a part of the sum allowed as interest. His claim, in the view adopted by the jury, was thus stated by the learned judge in his charge on the trial:—" If you find as claimed by the defendants, . . . . . then the plaintiff would be entitled to a verdict at your hands for fifty-eight dollars and seventy-six cents, three dollars and fifty-nine cents of which, as I make it, being for interest from the 1st April, 1881, to the time of trial."

The jury found for the plaintiff fifty-eight dollars and seventy-six cents. In *Pike* v. *Johnson* (47 N. Y. 1), the court say: " We hold that the defendant was entitled to recover costs. We hold that in such a case interest added by a jury or by the court to the damages found cannot be estimated in determining whether a judgment is more or less favorable to the appellant than the offer of the respondent."

The offer of judgment is dated July 19th, 1881. The plaintiff's complaint demanded interest from April 1st, 1881. Interest on the principal sum of the recovery from April 1st, 1881, to the date of the offer should be computed, that is for three months and nineteen days, being one dollar and one cent. This added to the fifty-five dollars and seventeen cents aggregates fifty-six dollars and eighteen cents, the offer having been for fifty-six dollars. The propriety of the method is shown by this test. Suppose, instead of an offer, the defendant, on July 19th, 1881, had made legal tender of fifty-six dollars, and being refused had paid the money into court. To settle the adequacy of the tender,

interest on plaintiff's claim would have to be reckoned to its date. This must be the course under the offer of judgment (*Budd* v. *Jackson*, 26 How. Pr. 398). The offer seems to fall short of the principal sum found by the jury for plaintiff,. with interest to its date, and therefore was less favorable than his recovery.

The order must be affirmed, with costs and disbursements.

VAN BRUNT, J., concurred.

Order affirmed, with costs.