McAdam, 0. J., concurring.
The right to serve an offer to allow judgment, is derived from the statute. The power to amend a pleading, is derivéd from the same source. The exercise of the two powers is *517 to be construed so that the legitimate exercise of one, may not conflict with the other. In other words, that the dif ferent rights conferred may be exercised and construed according to legal principles to further the legitimate intent and purpose of the parties. If the amendment made by the plaintiff had been one of form only, and the cause of action and recovery sought had remained the same, the offer served would have continued binding upon the parties, notwithstanding the formal amendment. Kils v. Seeber, 10 How. Pr., 270.
But, if as in this case, the amendment goes to the extent of dropping two entire causes of action, and reducing the recovery to the amount claimed in the remaining count, it is clear that the defendant was no longer holden to his offer, and as he was discharged from it, the plaintiff’s right to enforce it ceased. The offer, for legal purposes, became nugatory. It was intended to apply to the three causes of action to which it was addressed, and not to the single cause of action substituted for the three. 36 N. Y., 75. The amended complaint superseded the original, and the new issues superseded the original issues, and the rule that the effect of an offer must be determined by the state of the pleadings at the time it was made becomes significantly applicable. Tompkins v. Ives, 30 How. Pr., 13; S. C., 3 Abb. Pr. [N. S.], 267. So interpreted, there is no doubt or uncertainty as to its purposes, intent or meaning. It was, when made, an offer to allow, judgment for $130 on three existing causes of action. Its purpose was never changed by any act of the defendant. The plaintiff could not and did not change its meaning or effect by withdrawing two of the causes of action to which it was addressed and litigating for the one that remained. The mere silence of the defendant did not change the purpose or meaning of the offer, and it will not bear the interpretation his present interest and purpose require it to receive. It speaks as of the time when interposed, and was addressed to the three counts of the then existing complaint. There was no offer made as to the single cause of action finally litigated, and the plaintiff became entitled to costs on his recovery thereon of seventy-seven dollars. If the plaintiff had accepted the offer when made, he would have concluded himself on the three independent causes of action, two of which have since been made the subject of an independent suit, and if these two causes of action have merit, the plaintiff will ultimately have recoveries more favorable than the offer. However, the new action terminates the order appealed from must be reversed on the rule of inter pretation before mentioned, with costs.
Hyatt, J., also concurred.