(49 App. Div. 213.)

### JOHN WEBER & CO. v. HEARN.

(Supreme Court, Appellate Division, First Department.   March 9, 1900.)

1. APPEAL—QUESTIONS OF FACT—SUFFICIENCY OF RECORD.
   Questions of fact cannot be reviewed on appeal, when it is not shown that the record contains all the evidence.

2. CONTRACTS—PARTIES.
   The fact that one contracting with a corporation thought he was dealing with a partnership will not prevent the company from recovering on the contract, when there was no actual misrepresentation, and the work has been fully performed.

3. SAME—ACTION TO FORECLOSE MECHANIC'S LIEN.
   A provision in a building contract, that "it shall be at the owner's option whether to make or not to make any payment or payments during the continuance of any lien or liens that may be filed * * * against the said parties of the second part on the premises," does not prevent a suit by the contractor to foreclose his lien during the existence of unsatisfied liens against the property, when such lienors are made parties, and the owner's refusal to make payment was not based solely on the ground that such liens existed.

4. SAME—INTEREST.
   Interest is allowable, upon sums due under a building contract, from the time such payments become due according to the terms of the contract.

5. SAME.
   Interest is allowable, on amounts due for extra work performed under a building contract, only from the time the amount was fixed by the referee, and not from the date of demand for payment, when the claim was disputed, and the referee found the amount claimed to be excessive.

Appeal from judgment on report of referee.

Action by John Weber & Co. against George A. Hearn. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

John Delahunty, for appellant.
Benjamin N. Cardozo, for respondent.

O'BRIEN, J. Six questions were stipulated for review before this court, only two of which present questions of law, the others being questions of fact, which cannot be considered, for the reason that it nowhere appears that the record contains all the evidence bearing on these disputed questions of fact, and therefore we have no right to disturb them.

The first question is whether the contract was made by the defendant with a partnership or a corporation. That it was made with John Weber & Co. is admitted, and the proof shows that it was a corporation, and not a partnership, that was doing business under that style and name. It is not claimed that any representations were made during the negotiations leading up to the contract that there was a partnership, and, the work having been actually performed by the corporation, we do not think, in the absence of anything to show that the defendant was misled or injured by the fact that it was a corporation, and not a partnership, that did the work, that he has any legal grievance. In the absence of any actual misrepresentation that the Weber Company was a partnership, the work having been fully executed and performed, the fact that the defendant thought he was dealing with a partnership would not be a bar to the plaintiff's right to recover for the value of the work done by it as a corporation. However, the question was decided as a question of fact by the referee, upon conflicting evidence, against the defendant, and upon this record we would not be justified in reversing his finding.

The second question, whether the action was prematurely brought, for the reason that there were unsatisfied liens of record against the property when the action was commenced, is to be determined by the construction to be given to the seventh clause of the contract, which provides as follows:

"It shall be at the owner's option whether to make or not to make any payment or payments during the continuance of any lien or liens that may be filed in the office of the county clerk against the said parties of the second part on the premises herein mentioned, for work or materials furnished by virtue of or under the provisions of this contract."

That a contract may be drawn so as to make the discharge of other liens a condition precedent to recovery was expressly held in Fogg v. Transit Co., 90 Hun, 274, 35 N. Y. Supp. 954. There, however, the terms of the contract were different from the one in the case at bar. Here it was entirely competent for the owner to waive the option or assert it, at his pleasure; but, in the latter event, it was his duty, if he intended to avail himself of it, to base his refusal to pay upon that ground.

At the conclusion of the trial, the liens of the subcontractors had been satisfied, and, this being an action in equity, the court could formulate its relief in accordance with the rights of the parties as they then existed. As correctly urged by the respondent:

"The jurisdiction of a court of equity, which attached as a result of the existence of a lien, is not ousted by the owner's option—which may or may not be exercised—of postponing payment of the debt till the other liens are satisfied. The contract does not destroy the right. It is aimed solely at the rem-

edy. It does not cancel the debt. It does not extinguish the lien. It does not even postpone the time of payment, unless the owner shall affirmatively elect to avail himself of the option conferred upon him."

Undoubtedly, had the liens existed at the conclusion of the trial, they would have a bearing upon the question of costs and the relief to be accorded. Then provision would have to be made in the decree for their payment or discharge, and the costs of the action could properly be awarded against the plaintiff. So, too, if the owner's only objection to paying was that liens existed, then if, after the action was commenced, they were discharged, he would have a right to pay or tender payment, and thus relieve himself of the costs of the action. The defendant's refusal to pay, however, was not solely on the ground that liens existed, but upon the ground that nothing was due under the contract; and, though it was optional with the defendant while the liens existed to withhold payment, this did not prevent the plaintiff from bringing his action—making the other lienors parties—for the purpose of having a determination, not alone of his own rights, but also those of the subcontractors who had filed liens.

The third question related to the interest allowed by the referee. Upon the balance due under the contract, he allowed interest from December 13, 1885, at which time he found the work was completed. Upon the payments due for extra work, he allowed interest from the dates of the plaintiff's several bills and the accompanying demands for payment. So far as the amount was due under the contract, interest was properly allowed, for, upon failure to pay according to the terms of such contract, the defendant was chargeable with interest. With respect to the amount found due for extra work, we think that interest should only be computed thereon from the date when the amount was fixed by the referee. This claim was unliquidated, and there was no means, except by an adjustment between the parties or a lawsuit, to determine the amount; and the seriousness of the dispute as to the actual amount is shown, not alone by the denial of the defendant that nothing was due, but also by the excessive claim presented by the plaintiff, which was $6,000 more than the referee allowed. It cannot be that one who may owe something is obliged to pay all that is demanded at the risk of being liable for interest by way of damages for refusal to pay, though it may finally be determined that the amount demanded was not due. In Mansfield v. Railroad Co., 114 N. Y. 331, 21 N. E. 735, 1037, 4 L. R. A. 566, it is said, referring to certain decisions:

"The doctrine of that line of cases is that in actions for services rendered or goods sold, etc., when the debtor is in default for not paying pursuant to his contract, the creditor is entitled to interest by way of damages. Newell v. Wheeler, 36 N. Y. 244; Mygatt v. Wilcox, 45 N. Y. 306. And that is upon the theory that the amount may be known or ascertained and computed, actually or proximately, by reference to market values. * * * There may be cases from the nature of which it appears that this cannot be done, to which the rule allowing interest is not applicable.".

We think the authorities sustain the principle that interest upon an unliquidated claim, even though on contract, should not be awarded, unless, with reasonable certainty, the amount was or could

be fixed. In other words, the theory upon which interest can be allowed as damages is that a person owes a debt the amount of which is fixed, or which, by reference to market values or to other sources of information, is susceptible of being definitely determined.

The other questions, as to whether the referee erred in allowing the plaintiff for the extra work 25 per cent. in addition to the cost and 10 per cent. added, and 10 per cent. on Blaurock's bill, and as to whether he erred in disallowing the defendant's counterclaim with reference to the sixth floor, involved disputed questions of fact, which, upon this record, we are not at liberty to inquire into.

The judgment, therefore, should be modified in respect to the allowance for interest on the claim for extra work, as indicated, and, as so modified, affirmed, without costs. All concur.