(34 Misc. Rep. 714.)

## THORNALL v. CRAWFORD.

(Supreme Court, Trial Term, New York County.  April, 1901.)

1. OFFER OF JUDGMENT—AMOUNT OF RECOVERY—COSTS—EXTRA ALLOWANCE.

A complaint set forth two causes of action; one on account stated for $4,440, and one on quantum meruit for $50.  Defendant offered judgment for $3,500, which plaintiff refused, and then amended the complaint so as to abandon the cause of action on account stated, and increase his claim on quantum meruit to $6,680.  Defendant again answered, setting up new defenses, and offering judgment for $3,000, which plaintiff refused. and on trial recovered a judgment for $3,180.  *Held*, that the amendment as to cause of action and amount claimed and the offer of judgment for $3,000 were a revocation of the offer for $3,500, so that the amount recovered was greater than the offer of judgment, and plaintiff was entitled to costs and an extra allowance of 5 per cent. on the amount of the recovery.

2. SAME—INTEREST ON OFFER.

The fact that the judgment was less than the offer of judgment with interest did not affect plaintiff's right to costs, since the action was for an unliquidated amount on which he was not entitled to interest, interest not being incident to an action on quantum meruit.

Action by Edward V. Thornall against George Crawford.  Motion by defendant to set aside an extra allowance granted to plaintiff, and that he be granted the costs of the action and an extra allowance.  Denied.

Carl & Crawford (Jacob F. Miller, of counsel), for the motion.

Clarence F. Thornall (Eugene Frayer, of counsel), opposed

GIEGERICH, J.  The original complaint herein set forth a cause of action upon an account stated for $4,438.88, and a further and separate cause of action on quantum meruit for $50 for professional services rendered as an attorney and counselor at law.  The answer thereto was, in substance, a general denial, and alleged that, while the defendant admitted that the plaintiff did perform some services, he did not know in detail what services were rendered. The answer further alleged that a part of the services rendered was performed in the examination of a title to certain real property, for which services the plaintiff agreed to charge the sum of $50, which the defendant avers he was ready and willing to pay.  With such answer was served an offer of judgment for the sum of $3,500.  Such offer of judgment was not accepted by the plaintiff, who, after the 10 days in which he might indicate his acceptance thereof had elapsed, served an amended complaint setting forth a cause of action on quantum meruit for professional services rendered and disbursements incurred therein, amounting to $6,679.08.  To this defendant served an answer, alleging that a part of the services rendered was performed in the examination of the title to certain real property known as the "Faile Homestead," in plaintiff's attendance at the time appointed for the closing of the title, and in his rejection of the title tendered, and that for such services the plaintiff agreed to charge the defendant the sum of $50; the defendant alleging his willingness to pay said sum.  Such answer further alleged that the plaintiff's remaining claim was for alleged services

in defending an action brought to compel specific performance of a contract to purchase said premises, and in and about the defense of an action brought on a bond given in the progress of such action for specific performance; that such services were rendered under an agreement by the plaintiff that he would charge the defendant only a reasonable sum therefor, and a sum which would be low, and to the satisfaction of the defendant; and that the defendant has always been ready and willing to pay plaintiff a reasonable sum for all services performed, but that the plaintiff has refused to accept the same. The answer presented an issue as to the claim for disbursements, and alleged that the defendant had paid or caused to be paid to the plaintiff sums aggregating $204.50 "for disbursements alleged to have been incurred by the plaintiff" which were not credited in the alleged list of disbursements annexed to the amended complaint. The said answer furthermore set up a denial that the said sum of $6,679.08, or an amount in any way equivalent to that sum, was due. There was also served with such answer to the amended complaint a new offer of judgment, offering to allow the plaintiff to take judgment against him for $3,000, with costs. Upon the trial the jury rendered a verdict in favor of the plaintiff for $3,179.08. My attention not having then been called to these offers of judgment, an additional allowance of 5 per centum upon the amount of the recovery was granted upon the rendition of the verdict. The defendant subsequently obtained an order to show cause why such allowance should not be set aside, and why the costs of the action and an extra allowance should not be granted to him. It is urged on the part of the defendant that, inasmuch as the verdict recovered was not more favorable than the offer of judgment for $3,500, he is entitled to the costs of the action accruing after such offer. The plaintiff, on the other hand, contends that the new offer of judgment for $3,000, made after he had served an amended complaint, was equivalent to a withdrawal and revocation of the first offer for $3,500. It is a well-established rule that the effect of an offer of judgment must be determined by the state of the pleadings when it is served. Tompkins v. Ives, 36 N. Y. 75, reported more fully in 3 Abb. Prac. (N. S.) 267, 270; Woelfle v. Schmenger, 12 Civ. Proc. R. 312; Kautz v. Vandenburgh, 77 Hun, 591, 594, 28 N. Y. Supp. 1046. When the first offer was made, the complaint, as above noted, contained two separate and distinct causes of action. The plaintiff, however, by his amended complaint, entirely abandoned the cause of action upon an account stated, increased his cause of action for professional services from $50 to $6,500, irrespective of the alleged disbursements, and sought a judgment for $6,679.08, being $2,190.20 more than demanded by the original complaint. It requires no argument to show that this amendment was not merely a formal one, nor that the cause of action, as well as the recovery sought by the amended complaint, was the same as contained or alleged in the original complaint; and hence it cannot be fairly claimed that the offer continued to be binding upon the parties. Had there been merely a formal amendment, there might be some force in the contention that the offer, not-

withstanding, continued in force. Kilts v. Seeber, 10 How. Prac. 270. But, as the amendments were material ones, substituting, as they did, a single cause of action for two causes of action, and increasing the amount sought to be recovered, the offer can no longer be held to apply to such causes of action, since, as above noted, they were superseded by new issues. In Woelfle v. Schmenger, supra, the complaint set forth three causes of action for work, labor, and services performed. The defendant answered, setting up a general denial, a separate defense or counterclaim, a nonjoinder as to two causes of action of persons claimed to be necessary parties defendant, and on the same day he served an offer to allow judgment to be taken against him for $130, interest and costs. Thereafter the plaintiff served an amended complaint, from which was omitted the cause of action as to which nonjoinder was pleaded, and the defendant subsequently answered, setting up a general denial. Upon the trial the plaintiff obtained a verdict for $77, and the clerk taxed costs in his favor, whereupon the defendant moved at special term for a new taxation of costs. The motion was granted, but the general term, upon appeal, reversed the order granting such new taxation, upon the ground that after the amendment of the complaint the offer of judgment ceased to be binding or conclusive upon either party. Ehrlich, J., writing one of the opinions in the case, said (page 313):

"The parties cannot be fairly presumed to have intended or understood that the offer of judgment upon certain specified claims should hold good and apply to others widely different set forth in the amended complaint."

And McAdam, C. J., in a concurring opinion, said (page 314):

"If the amendment made by the plaintiff had been one of form only, and the cause of action and recovery sought had remained the same, the offer served would have continued binding upon the parties notwithstanding the formal amendment. Kilts v. Seeber, 10 How. Prac. 270. But if, as in this case, the amendment goes to the extent of dropping two entire causes of action, and reducing the recovery to the amount claimed in the remaining account, it is clear that the defendant was no longer holden to his offer, and, as he was discharged from it, the plaintiff's right to enforce it ceased. The offer, for legal purposes, became nugatory. It was intended to apply to the three causes of action to which it was addressed, and not to the single cause of action substituted for the three. Tompkins v. Ives, 36 N. Y. 75."

The rule so laid down is reaffirmed in the more recent case of Brooks v. Mortimer, 10 App. Div. 518, 42 N. Y. Supp. 299. There the defendant made an offer of judgment and the court at trial term allowed the plaintiff to increase his demand for judgment in respect to interest merely. Upon appeal, Hatch, J., speaking for the court and adverting to the increase in the demand for judgment as to interest, said (page 522, 10 App. Div., and page 301, 42 N. Y. Supp.):

"This increased the interest charge, tended to the destruction of defendant's offer of judgment, and might have subjected him to costs, when, if the amendment had not been allowed, he might have been entitled thereto."

The present case differs in a very important particular from Hibbard v. Randolph, 72 Hun, 626, 25 N. Y. Supp. 854, relied upon by the defendant. In that case there was no amendment whatever of

the pleadings, and therefore the rule there established, that, where
an offer of judgment is not accepted by the plaintiff, the defendant
may serve second offer for a different amount, has no application.
Here, as already observed, the complaint, after service of the offer
of judgment, was amended to a very material degree. Even assum-
ing, for the sake of the argument, that the cause of action as set
forth in the amended complaint is, in substance, though not in form,
the same as alleged in the original complaint, the later pleading
nevertheless shows that the plaintiff thereby largely increased his
demand for judgment with respect to the sum sought to be recov-
ered. As seen, this circumstance alone was sufficient to render the
offer of judgment ineffectual. Brooks v. Mortimer, supra. More-
over, an examination of the answer to the amended complaint dis-
closes that it is, in many respects, essentially different from the
original answer, thus showing conclusively a complete change in
the state of the pleadings after the service of the first offer of judg-
ment. I take it, therefore, to be clear that the offer of judgment
was rendered nugatory by the service of the amended pleadings,
and the question now arises with respect to the second offer. This,
as above shown, was for $3,000, while the verdict was for $3,179.08.
The defendant insists that such second offer was more favorable to
the plaintiff than was the verdict recovered, because, adding inter-
est to the offer, the sum offered exceeds the recovery. Such un-
doubtedly is the rule where the damages are liquidated. Budd v.
Jackson, 26 How. Prac. 398; Pike v. Johnson, 47 N. Y. 1; Smith
v. Bowers, 3 Civ. Proc. R. 72. But, when unliquidated, interest can-
not be added to the sum offered for the purpose of determining whether
the judgment obtained is more favorable than that offer. John-
ston v. Catlin, 57 N. Y. 652. See, also, Bathgate v. Haskin, 63 N.
Y. 268. Interest may be deemed incident to the offer only when
incident to the claim in suit, and the fact that interest upon the
unliquidated claim is demanded in the complaint does not affect
the question, this being apparent from an inspection of the plead-
ings upon which the adjudication in Johnston v. Catlin, supra, pro-
ceeded. The present action is one to recover the reasonable value
of services rendered, no express agreement as to compensation hav-
ing been alleged or proved; hence the damages recovered may fairly
be considered as unliquidated. Johnston v. Catlin, supra; Sloan v.
Baird, 162 N. Y. 327, 329, 56 N. E. 752; John Weber & Co. v. Hearn,
49 App. Div. 213, 217, 63 N. Y. Supp. 41. The case of Johnston
v. Catlin, supra, is directly in point. That, like the present action,
was to recover the reasonable value of services rendered, and it was
held that the recovery might be considered the same as unliquidated
damages. The remarks of O'Brien, J., delivering the opinion of the
court in John Weber & Co. v. Hearn, 49 App. Div., at page 217, 63
N. Y. Supp. 43, are peculiarly applicable to the questions of dam-
ages and interest thereon:

"Interest upon an unliquidated claim, even though on contract, should not
be awarded unless with reasonable certainty the amount was or could be
fixed. In other words, the theory upon which interest can be allowed as
damages is that a person owes a debt the amount of which is fixed, or which,

by reference to market values or to other sources of information, is susceptible of being definitely determined."

The rule so enunciated in the last-cited case was strictly adhered to by the plaintiff throughout the trial of this cause, he having proven interest only upon the amount of the disbursements, which, from the verdict rendered, appears to have been allowed by the jury. The disbursements amounted to the sum of $179.08, and the interest thereon amounted to $25.07. Deducting such interest from the amount awarded by the jury, there is left the sum of $3,154.01, a sum still in excess of the amount last offered. My conclusion, therefore, is that the first offer of judgment was destroyed by the subsequent amendment of the complaint and the service of an answer thereto, and that the second offer of judgment was not more favorable than the judgment recovered. The motion is therefore denied, with $10 costs.