ISBELL–PORTER CO. v. BRAKER.

(Supreme Court, Appellate Division, .First Department.   May 24, 1907.
On Rehearing, June, 1907.)

TRIAL—VERDICT—AMENDMENT—BY COURT.

    In an action on a contract, there was no dispute as to the amount due,
and the court charged the jury that if they found for the plaintiff it was
entitled to a verdict for a certain sum—the amount of the bill and a cer-
tain other sum, the amount of the interest.  The jury ignored the charge,
and rendered a verdict for the amount of the bill only, and the court re-
fused to correct the verdict.  *Held* that, while the trial court should have
directed a correction of the verdict the court at Special Term had no
authority to grant the relief denied at the trial.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 795; vol.
29, Judges, § 93.]

Appeal from Trial Term, New York County.

Action by the Isbell-Porter Company against Henry J Braker   From
a judgment for plaintiff, and from an order denying a new trial, de-
fendant appeals.  Modified and affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-
LAUGHLIN, CLARKE, and LAMBERT, JJ.

Frederick F. Neuman, for appellant. ·

Townsend, Avery & Button, for respondent.

LAMBERT, J.  The plaintiff, through its president, undertook to
construct certain work for the purpose of installing an experimental
gasworks at the Flushing gasworks, and the principal question involved
is whether the defendant is personally liable for the amount of the
contract price of such work.  The negotiations were had with Mr.
Braker, the defendant, who was the treasurer of the International Sani-
tary Gas Company.  A conflict of evidence arose upon the trial as to
whether the contract was with Mr. Braker personally, or with the In-
ternational Sanitary Gas Company; Mr. Braker merely standing as
a guarantor of the payment.  This question was fully developed by the
evidence and was submitted to the jury, and that body has found in fa-
vor of the plaintiff, holding, in effect, that the defendant was primarily
responsible.  While it is true that the plaintiff made some damaging
admissions on his cross-examinations, it was proper for the jury to
determine the truth from a view of all the evidence.

The defendant also appeals from an order granting the plaintiff's
motion to correct the verdict of the jury by adding $215.94 interest
to the same.  The contract between the parties ·was for a liquidated
sum; the only substantial question being which of two parties was pri-
marily liable for the payment.  The court charged that:

"To avoid dispute and shorten the trial, it is admitted that the amount in
question is the sum of $691.10; that is, $475.66, the amount of the bill, and
$215.94, the amount of the interest."

And again:

"If plaintiff has made out its case by a preponderance of evidence, which
you credit, it is entitled to a verdict of $691.10."

No exception was taken to this charge, and it became the law of the case, as it is undoubtedly the law generally in reference to actions on contract. The jury, however, ignored the charge of the court, and brought in a verdict for the sum of $475.66, the amount of the original contract, without interest, and then stated to the court that it was their purpose to render a verdict only for the claim, without interest. Plaintiff's attorney moved the court to correct the verdict by adding the amount of the interest, in harmony with the charge; but this motion was denied, and an exception was taken to the denial. Subsequently the plaintiff moved without leave at Special Term for the same relief which had been denied at the trial, and, the motion having been granted, the defendant urges that it constitutes error requiring a reversal. Such is our conclusion. When the jury failed to obey the direction of the court by declining to include interest upon the liquidated demand found due the plaintiff, it became the duty .of the court, upon, or even without, request, to direct them to correct their verdict in accord with the directions thus given. Such is the settled practice in this state, and should be followed. In case the court refused to give imperative directions as here pointed out, the aggrieved party could have ample protection by exception. In this case no mistake was made by the jury. It returned a verdict in direct opposition to the instructions given them by the court, and so informed the court. Under such circumstances the Special Term was powerless to grant the order amending the verdict, whatever may be said of the authority of the trial judge to interfere with the verdict rendered in the presence of the jury.

The judgment should be modified, by deducting therefrom as of the date of its entry, the sum of $215,94, and, as thus modified, affirmed. The order denying the motion for a new trial should be affirmed, with costs, and the order correcting the verdict reversed, with $10 costs and disbursements to the appellant. All concur.

### On Motion for Rehearing.

PER CURIAM. In the opinion it was inadvertently stated that the motion to correct the verdict was made at Special Term, when in fact the motion seems to have been made at the Trial Term at which the action was tried. The order was reversed, not because of the particular court that granted the motion, but because the verdict of the jury had ·been rendered and received in which they refused to obey the direction of the court and find for the full amount to which the plaintiff was entitled, and the jury discharged before'the motion to correct the verdict was made. In such a case the rule allowing the court to correct the verdict, where by mistake it was for the wrong amount, is not applicable. The plaintiff appears to have made no motion to set aside the verdict and for a new trial, and while, as stated in the opinion, the court could have directed the jury to correct their verdict before it had been received, and enforce such direction, the court could not, under the guise of correcting a verdict, substitute its verdict for that of the jury after the verdict had been received and the jury discharged.

The motion for a reargument is denied, with $10 costs.