### DELAFIELD et al. v. J. K. ARMSBY CO.

(Supreme Court, Appellate Division, First Department.  March 6, 1908.)

1. TRIAL—VERDICT—ENTRY—CLERK'S MINUTES—ALTERATION.

A clerk had no right, after a trial terminated, to change the verdict for plaintiffs as recorded in his minutes by adding the words "with interest," though they were contained in the verdict as announced by the foreman, where the jurors assented to the verdict as originally recorded.

2. APPEAL—REVIEW—VERDICT—RIGHT TO INTEREST.

On plaintiffs' appeal from an order striking from the clerk's minutes of the trial the words "with interest," added, after the trial terminated, by him to the verdict as recorded, the Appellate Division cannot determine that the insertion of the words did not change the legal effect of the verdict, on the theory that plaintiffs were entitled as a matter of right to interest, and that the amount thereof required only computation, where the trial court concluded that plaintiffs were not entitled to interest and the evidence is not before the Appellate Division.

3. TRIAL—VERDICT—COMPUTATION OF INTEREST.

A verdict for a specified sum, "with interest," is not subject to accurate computation, in the absence of something to indicate from what date interest is to be computed; that the complaint claims interest from a certain day not warranting the inference that the jury had that date in mind.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 785.]

Appeal from Trial Term.

Action by Richard Delafield and others against the J. K. Armsby Company. From an order striking words from the clerk's minutes of the trial, plaintiffs appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-LAUGHLIN, CLARKE, and SCOTT, JJ.

John V. Bouvier, Jr., for appellants.
Messmore Kendall, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for the breach of a contract for the sale and delivery of canned salmon. The amount claimed in the complaint was $9,450, with interest from December 7, 1900. A trial of the action resulted in a verdict in favor of the plaintiffs. The foreman of the jury, in announcing the verdict, said, "We find in favor of the plaintiffs for the full amount claimed, with interest," whereupon the learned trial justice said, "By full amount you mean the amount sued for in the complaint, which is $9,450?" and the foreman of the jury answered, "We do," repeating the amount, and thereupon the clerk, in recording the verdict, said: "Gentlemen of the jury, hearken to your verdict as it stands recorded. You say you find in favor of the plaintiffs and against the defendant for the sum of $9,450; and so say you all?" To which statement no dissent was made. The clerk then made the following

entry in his minutes: "The court charges the jury, who say that they find a verdict for the plaintiffs for $9,450"—and the jury was thereupon discharged. A few days thereafter the clerk, at the request of counsel for the plaintiffs, without consultation with the court and in the absence of any representative of the defendant, changed the verdict as recorded by adding thereto the words "with interest." Thereafter defendant moved to strike out the words thus inserted. The motion was granted, and plaintiffs have appealed.

The papers used upon the motion showed, in addition to the foregoing facts, which were stipulated, that the minutes of the stenographer at the trial contained the following: "After deliberation the jury returned a verdict in favor of the plaintiffs for the sum of $9,450, with interest." The affidavits of plaintiffs' counsel and the foreman of the jury are also to the effect that the verdict was in favor of the plaintiffs "for the full amount claimed, with interest." The motion was properly granted. The clerk had no authority to change his minutes at the instance of one party, without the knowledge of the court or the other party. The change was material. If the verdict included interest on the amount found due the plaintiffs from the date for which interest was claimed in the complaint, the recovery was increased several thousand dollars. When the jury had announced its verdict, the clerk had entered it in his minutes, and the jury had been discharged, the verdict could not be changed by the clerk. The trial had terminated. Warner v. N. Y. C. R. R. Co., 52 N. Y. 437, 11 Am. Rep. 724; Lee v. McLaughlin, 16 Civ. Pro. Rep. 151, 4 N. Y. Supp. 742; Herzberg v. Murray, 8 Jones & Spencer, 271; Isbell-Porter Co. v. Braker, 120 App. Div. 384, 105 N. Y. Supp. 1103.

To permit an alteration of the clerk's minutes, which increases or diminishes a liability, as this alteration does, after the jury has been discharged, might lead to great abuses. Not only this, but the learned justice who presided at the trial, as appears from his opinion, does not entertain the view that the verdict as rendered by the jury included interest. He says:

"It has been my invariable practice, upon the coming in of a verdict, where the jury allow interest, to have the interest computed then and there, so that the jury may finally pronounce a verdict for a precise sum, which would include the interest."

But it is said the words inserted did not change the legal effect of the verdict; that the plaintiffs were entitled as a matter of right to interest, the amount of which required only computation. The answer to this suggestion is that the trial court, after listening to the evidence, as also appears from his opinion, reached the conclusion that the plaintiffs were not entitled to interest on the verdict, and the evidence is not before us. Nor do I see, if the words which the clerk inserted in his minutes had not been stricken out, how a computation of interest could be made with any degree of accuracy. There is nothing to indicate from what date interest is to be computed. The complaint claims interest from a certain day; but can it be inferred, because the jury said "with interest," that it had that date in mind? I do not think so.

In either view, therefore, it seems to me the court properly granted the motion, and the order appealed from should be affirmed, with $10 costs and disbursements. All concur.