## SCHMIDT v. BRIARCLIFF LODGE ASS'N.

(City Court of New York, Trial Term. May 4, 1914.)

INTEREST (§ 66*)—UNLIQUIDATED DAMAGES.

Where plaintiff sued to recover on an unliquidated demand for work and labor, and the amount found in plaintiff's favor was less than the amount sued for, plaintiff was not entitled to tax interest in addition to the amount of the verdict, irrespective of a prayer for interest in the complaint.

[Ed. Note.—For other cases, see Interest, Cent. Dig. § 147; Dec. Dig. § 66.*]

Action by Joseph J. Schmidt against the Briarcliff Lodge Association. On motion to amend judgment. Granted.

Wm. P. Maloney, of New York City, for plaintiff.

Butler, Brown, Wyckoff & Campbell, of New York City, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

FINELITE, J.  This is a motion made by defendant why the judgment entered herein on the 23d day of April, 1914, should not be amended by striking out therefrom the sum of $42.32, interest upon the amount of the recovery.  It appears from the facts herein that the plaintiff instituted an action against defendant to recover the sum of $796 for the fair and reasonable value of the services performed for the benefit of the defendant in the preparation of certain blueprints, claiming that the fair and reasonable value for each blueprint was the sum of $1.  Defendant, by its answer, admitted that the only service performed by plaintiff in reference to the preparation of blueprints was of the value of $19.  The jury awarded the plaintiff a verdict for the sum of $398, presumably the jury finding from evidence that the fair and reasonable value for the services so rendered was only worth the sum of $398, instead of $796, the amount sued for.  On the rendition of the verdict, no mention was made as to the question of interest, nor did the plaintiff at any time request the court to be allowed interest upon the amount recovered.  There is authority for the fact that, where interest is prayed for in the complaint, the court may insert the same upon the rendition of a verdict, but where a verdict is rendered, and no motion is made by the plaintiff before the discharge of the jury, the verdict should be amended by adding thereto interest on the amount of the recovery, and the court loses jurisdiction over the matter after the jury has been discharged.  Isbell-Porter Co. v. Braker, 120 App. Div. 384, 105 N. Y. Supp. 1103.  As the action was brought to recover the amount before specified upon quantum meruit and the amount found in favor of the plaintiff being less than the amount sued for, irrespective of the prayer for interest in the complaint, plaintiff is not entitled to tax the same in addition to the amount of the verdict.  The claim being unliquidated, interest ought not to have been inserted.  Delafield v. Village of Westfield, 41 App. Div. 24, 58 N. Y. Supp. 277, affirmed without opinion 169 N. Y. 582, 62 N. E. 1095; Excelsior Terra Cotta Co. v. Harde, 90 App. Div. 4, 87 N. Y. Supp. 732, affirmed 181 N. Y. 11, 73 N. E. 494, 106 Am. St. Rep. 493; Markham v. Stevenson Brewing Co., 111 App. Div. 178, 97 N. Y. Supp. 604; Weber & Co. v. Hearn, 49 App. Div. 213, 63 N. Y. Supp. 41; Chambers v. Boyd, 116 App. Div. 208–211, 101 N. Y. Supp. 486.  Motion must therefore be granted, and the clerk is hereby directed, upon the service of an order to be entered herein upon him, to amend the judgment as entered on the 23d day of April, 1914, by striking therefrom the words "sum of $42.32, interest upon $398 from July 15, 1912."  The defendant may have five days' stay from the service of the order to be entered herein, with notice of entry thereon upon said defendant's attorneys, to pay the judgment entered herein, without interest.

Settle order on one day's notice.